**Patrick H. HYATT; Herman O. Caudle and Mary P. Lovingood, on behalf of themselves and all others similarly situated, North Carolina Department of Human Resources, Disability Determination Services, Appellees,**

v.

**Margaret M. HECKLER, or her successor in office, Secretary of the United States Department of Health and Human Services, Appellant.**

**Patrick H. HYATT SSN: 248–50–1848; Herman O. Caudle; Mary P. Lovingood on behalf of themselves and all others similarly situated; North Carolina Department of Human Resources, Disability Determination Services, Appellees,**

v.

**Margaret HECKLER, or her successor in office, Secretary of the United States Department of Health and Human Services, Appellant.**

**Nos. 84–1381 and 85–2240.**

United States Court of Appeals, Fourth Circuit.

Submitted Oct. 6, 1986.

Decided Dec. 5, 1986.

Rehearing and Rehearing En Banc Denied Feb. 12, 1987.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Charles R. Brewer, U.S. Atty., Asheville, N.C., William, Kanter, Howard S. Scher, Appellate Staff Civil Div., Dept. of Justice, Washington, D.C., for appellant.

John R. Wester, Dan T. Coenen, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C., Charles McBrayer Sasser, Legal Services of Southern Piedmont, Inc., Charlotte, N.C., for appellees.

Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

The Supreme Court vacated the judgment of this court[1] and remanded this

---

1. *Hyatt v. Heckler,* 757 F.2d 1455 (4th Cir.1985), *vacated and remanded sub nom. Hyatt v. Bow-* en, —— U.S. ——,106 S.Ct. 2886, 90 L.Ed.2d 974 (1986).

class action for further consideration in light of *Bowen v. City of New York,* —— U.S. ——, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). The remand requires us to reconsider issues arising out of the Social Security Administration's policy of declining to apply the law of this circuit to disability claims involving diabetes mellitus, hypertension, and pain. We now affirm those provisions of the district court's judgment that remanded to the Secretary of Health and Human Services the disability claims of the members of subclasses who had not exhausted their administrative remedies or sought judicial review within 60 days of an adverse administrative decision.[2] Affirmance overrules that part of our judgment which directed the district court to dismiss these claims. *See* 757 F.2d at 1460–61 (Part II). We also affirm the district court's award of attorney fees, which we had previously vacated. In all other respects we reinstate our prior judgment.

## I

*Bowen v. City of New York* approved waiver of exhaustion of administrative remedies and tolling of the 60–day filing requirement for a class of claimants suffering from mental illness. Relying on unpublished internal memoranda that mandated a presumption inconsistent with established regulations, the Social Security Administration had denied benefits to mentally ill persons who were not aware of the basis of the agency's decisions. *See* 106 S.Ct. 2032. The Secretary contends that the claimants' mental impairment was the critical factor justifying waiver and tolling. He argues that consequently *Bowen v. City of New York* is not applicable to the case before us, and he urges us to reinstate our initial judgment.

Although waiver of the exhaustion requirement and tolling of the period of limitation will rarely be appropriate, we are not persuaded by the Secretary's argument

that the principles the Supreme Court explained must be confined to claims involving mental impairments. The criteria that the Court specified are necessarily restrictive. Nevertheless, they may be applied to comparable agency procedures that are unlawfully imposed on a class of claimants.

*Bowen v. City of New York* establishes that exceptional circumstances may justify waiver of the requirement imposed by 42 U.S.C. § 405(g) that a claimant must exhaust all administrative remedies by obtaining a final decision from the Secretary before seeking judicial review. After a person has presented a claim for benefits to the Secretary, exhaustion of administrative remedies may be excused if the claim is collateral to the claim for benefits, the claimants would be irreparably harmed, and relief is consistent with policies underlying the exhaustion requirement. *See* 106 S.Ct. at 2031–33. The Court cautioned that waiver would not be available if a claimant alleges mere deviation from applicable regulations in particular administrative proceedings. As the court emphasized, exhaustion is not to be excused by every allegation of irregularity in the agency proceedings. 106 S.Ct. at 2032.

The Court also held that the provision of section 405(g) requiring a claimant to commence a civil action for judicial review within 60 days of a final decision is a period of limitation subject to equitable tolling. 106 S.Ct. at 2029–31. This decision overrules those parts of *Hyatt v. Heckler,* 757 F.2d at 1460–61, *Hunt v. Schweiker,* 685 F.2d 121, 123 (4th Cir.1982), and *Teague v. Califano,* 560 F.2d 615, 618 (4th Cir.1977), that held the 60–day requirement to be jurisdictional.

## II

*Martin v. Secretary of Health, Education and Welfare,* 492 F.2d 905, 909 (4th Cir.1974), held that end organ damage is

---

**2.** The district court's opinions are reported as *Hyatt v. Heckler,* 579 F.Supp. 985, and 586

F.Supp. 1154 (W.D.N.C.1984).

not a prerequisite to the establishment of disability from hypertension or diabetes. *Myers v. Califano*, 611 F.2d 980, 981–82 (4th Cir.1980), held that administrative law judges should evaluate the effect of pain on a claimant's ability to work when the pain results from a medically diagnosed physical ailment even though the pain's intensity is shown only by subjective evidence.

■ The separation of powers doctrine requires administrative agencies to follow the law of the circuit whose courts have jurisdiction over the cause of action. In the absence of a controlling decision by the Supreme Court, the respective courts of appeals express the law of the circuit. *See PPG Industries, Inc. v. NLRB*, 671 F.2d 817, 823 n. 9 (4th Cir.1982).

On the basis of ample evidence the district court found that the Secretary instructed the North Carolina disability determination service and administrative law judges to follow the Secretary's regulations instead of circuit court decisions which conflict with the Secretary's interpretation of the Social Security Act. Also, the Secretary directed administrative law judges not to cite conflicting court decisions. 579 F.Supp. at 993–94, 996.[3] The Secretary's policy of nonacquiescence in the law of the circuit is well documented, and it has been the subject of congressional criticism. *See Hyatt v. Heckler*, 757 F.2d at 1459–60; H.R.Rep. 1039, 98th Cong., 2d Sess. 36–38, *reprinted in* 1984 U.S.Code Cong & Admin.News 3038, 3096.[4] The district court found, citing examples, that the Social Security Administration had applied the policy of nonacquiescence to members of several subclasses by failing to apply the law of the circuit in evaluating diabetes, hypertension, and pain.

In regard to hypertension and diabetes claimants, the Secretary's regulation SSR 82–55 prevented state employees from making any attempt to determine an individual's actual capacity to perform work. The district court also found that a number of claimants were denied a complete evaluation of their actual ability to engage in substantial gainful activity solely because of the Secretary's regulation SSR 82–58. State employees and physicians applying this regulation found claimants who suffered from medically diagnosed ailments not disabled because their subjective complaints of pain, no matter how severe or disabling, were not fully supported by objective clinical findings. 579 F.Supp. at 993–94.

Again citing examples, the district court found that both initial claimants and those whose benefits had been terminated suffered irreparable harm because the Social Security Administration failed to apply the law of the circuit. The district court found that the unjustified denial of benefits deprived many claimants of necessities and caused them to suffer anxiety, depression, and decline in health. 579 F.Supp. at 995.

The district court held that subclasses of claimants who had been denied benefits because the Social Security Administration had declined to apply the law of the circuit were entitled to have their claims reconsidered by the agency. It included in its remand to the Secretary members of the subclasses who had not exhausted their administrative remedies or who had not sought judicial review within 60 days. *See* 579 F.Supp. at 996–99.

### III

In this action, as in *Bowen v. City of New York*, the claim is collateral to the

---

3. The Supreme Court and the district court have described the administrative procedures for determining disability claims. *See Bowen v. City of New York*, 106 S.Ct. at 2024–26; *Hyatt v. Heckler*, 579 F.Supp. at 992–93.

4. Other cases criticizing the Secretary's nonacquiescence policy are *Stieberger v. Bowen*, 801 F.2d 29, 32–33 (2d Cir.1986); *Anderson v. Heck-*

*ler*, 756 F.2d 1011, 1013 (4th Cir.1985); *Layton v. Heckler*, 726 F.2d 440, 442 (8th Cir.1984); *Lopez v. Heckler*, 725 F.2d 1489, 1497, 1503 (9th Cir.1984) *vacated on other grounds and remanded, Heckler v. Lopez*, 469 U.S. 1082, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984); *Childress v. Secretary of Health and Human Services*, 679 F.2d 623, 630 (6th Cir.1982).

claims for benefits. The class neither sought nor obtained benefits in the district court. Instead, they asked only that their claims for benefits be remanded to the Secretary for reconsideration in accordance with the Social Security Act as interpreted by the court of appeals of this circuit.

■ The claimants would be irreparably injured if the exhaustion requirement were enforced against them. Evidence supports the district court's findings of the claimants' anxiety and distress. Moreover, as the district court noted, even if a claimant persevered through the administrative proceedings, retained a lawyer, and succeeded in obtaining from a district court a ruling consistent with the law of the circuit, the award would likely be diminished by allowance of a fee of as much as 25%. Thus, retroactive benefits are not fully compensatory. *See* 579 F.Supp. at 995, 998.

For reasons similar to those explained in *Bowen v. City of New York,* the relief granted by the district court is consistent with the policies underlying exhaustion. The court made no awards. It allowed the agency to determine each claimant's eligibility for benefits. *See* 106 S.Ct. 2032.

The Court's observation in *Bowen v. City of New York,* 106 S.Ct. at 2032, applies to this case: "We should be especially sensitive to this kind of harm where the government seeks to require claimants to exhaust administrative remedies merely to enable them to receive the procedure they should have been afforded in the first place." The district court's reasoning is consistent with the analysis of the issue in *Bowen v. City of New York,* and its findings of historical fact are not clearly erroneous. We therefore conclude that the district court's judicial waiver of the exhaustion of administrative remedies satisfies the criteria prescribed by the Supreme Court.

IV

*Bowen v. City of New York* explains that equitable tolling of the 60–day requirement is justified "where consistent with congressional intent and called for by the facts of the case." 106 S.Ct. at 2029. Although

the Secretary usually retains authority to determine tolling, a court may act "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" 106 S.Ct. at 2030. The Court held that tolling is consistent with congressional intent in enacting the Social Security Act. 106 S.Ct. at 2030. The question remains whether the equities of this case warrant tolling.

■ The equities justifying tolling are similar to those the Supreme Court identified. The Court explained that claimants "who permitted their administrative or judicial remedies to expire were entitled to believe that their Government's determination of ineligibility was the considered judgment of an agency faithfully executing the laws of the United States." 106 S.Ct. at 2030.

State or federal administrative agencies notified the *Hyatt* claimants that their applications for benefits had been denied. But the agencies did not tell the claimants that the Secretary's interpretation of the Social Security Act, rather than the court of appeals' interpretation, was the basis for denial. Nor did the agencies inform the claimants that the employees who denied their claims should have followed the law of the circuit in evaluating their disabilities. In these respects the claimants' plight was similar to that of the claimants in *Bowen v. City of New York* to whom the Court referred, quoting with approval the Second Circuit's opinion:

"Though they knew of the denial or loss of benefits, they did not and could not know that those adverse decisions had been made on the basis of a systematic procedural irregularity that rendered them subject to court challenge. Where the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights, statutes of limitations have been tolled until such time as plaintiffs had a reasonable opportunity to learn the facts concerning the cause of action. Since in this case the full extent

of the Government's clandestine policy was uncovered only in the course of this litigation, all class members may pursue this action notwithstanding the 60–day requirement."

106 S.Ct. at 2030.

The Secretary protests, however, that the nonacquiescence policy was not a secret because both the regulations dealing with hypertension, diabetes, and pain and the decisions explaining the law of the circuit were published. Therefore, the Secretary says, *Bowen v. City of New York* provides no precedent for this case.

We cannot accept the Secretary's argument. The Secretary never published the agency's informal policy of not following the law of the circuit with respect to hypertension, diabetes, and pain. On the contrary, as the district court found, the Secretary directed administrative law judges not to cite the conflicting court decisions. *See* 579 F.Supp. at 996. The effect of the unpublished nonacquiescence policy on North Carolina claimants was not disclosed until this case was tried. *See* 579 F.Supp. 993–94.

The evidence did not reveal mere irregularities or errors in individual cases. Instead, it depicted a systematic, unpublished policy that denied benefits in disregard of the law. It is unrealistic to believe that publication of both the agency's regulations and the court of appeals' decisions would alert lay persons to the Secretary's nonacquiescence in circuit law. The *Hyatt* claimants, no less than those in *Bowen v. City of New York*, were entitled to believe that agencies charged with evaluating claims according to law had faithfully performed their duties.

## V

The claimants also request affirmance of the injunctive relief the district court granted. The Secretary has responded by pointing out that this request is outside the scope of the Supreme Court's remand.

■ Because *Bowen v. City of New York* does not deal with injunctive relief, we agree with the Secretary that the remand does not embrace this issue. Moreover, an injunction is unnecessary. After the district court decided this case, the Secretary "obsoleted without replacement" SSR 82–55 which had conflicted with the law of the circuit regarding diabetes and hypertension. *See* SSR 85–III–II (1985). Therefore, on remand claims involving these impairments will be evaluated in accordance with the law of the circuit. Claims involving pain will be evaluated in accordance with section 3(a) of the Benefits Reform Act of 1984, 42 U.S.C. § 423(d)(5)(A).[5]

## VI

Invoking the Equal Access to Justice Act, 28 U.S.C. § 2412, the district court awarded attorneys' fees in the amount of $187,199.30 and reimbursement for expenses of $7,598.00. The court fully explained the reasons for the award in *Hyatt v. Heckler,* 586 F.Supp. 1154 (W.D.N.C. 1984), and its order entered September 10, 1985. The Secretary asserts that counsel are not entitled to any fees or reimbursement because the claimants are not prevailing parties and the Secretary's position was substantially justified. In any event, the Secretary argues, the award is too high.

The Secretary's contention that the claimants have not prevailed is premised on our initial decision. *See* Secretary's Brief on Remand p. 17. We have modified that decision, and there now can be no doubt that the claimants are the prevailing parties. As events have unfolded, the denial of injunctive relief is of little moment. Without the injunction the claimants have achieved their principal goal of reconsideration of their claims. Furthermore, even before the Supreme Court's remand, other

---

**5.** *Hyatt v. Heckler,* 757 F.2d at 1458–59, explains that the statutory pain standard enacted by Con-gress supersedes the law of the circuit for the purposes of remand of pending claims.

class members prevailed on significant issues. On the basis of the Secretary's most recent census approximately 2,200 initial applicants are entitled to relief because of this case. This figure will undoubtedly be increased by affirmance of the district court's judgment on the exhaustion of administrative remedies and tolling issues. Not all these claimants will ultimately succeed in obtaining benefits. But they have succeeded in having their claims evaluated free of the Secretary's nonacquiescence policy. This result, of course, was the goal of the class action.

We also reject the Secretary's argument that the class of terminated claimants obtained relief by congressional enactment and not as a result of this action. Indeed, by the terms of the 1984 Act, were it not for this class action, only the named plaintiffs would have received the benefit of Section 2 of the Act.[6]

■ The Supreme Court has approved a "generous formulation" to determine who are prevailing parties: "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Applying this criterion, we conclude that the claimants are prevailing parties.

We also conclude that the Secretary's position was not substantially justified. The primary issue, on which the outcome of the case depended, was the Secretary's policy of nonacquiescence in the law of the circuit. In *Anderson v. Heckler,* 756 F.2d

1011 (4th Cir.1985), we held that the Secretary's policy of nonacquiescence entitled the claimant to attorney's fees. *Anderson* affords sound precedent, and we perceive no factual or legal ground for departing from it.[7]

After the district court awarded attorney fees, the Supreme Court decided in *Pennsylvania v. Delaware Valley Citizen's Council,* —— U.S. ——, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), that an allowance based on the reasonable hourly rate for a lawyer's services normally precludes enhancing the fee for the superior quality of performance. Relying on the Supreme Court's ruling, the Secretary contends that the district court erred by allowing four lawyers fees based on an hourly rate of $95.

The Secretary's reliance on *Delaware Valley* is misplaced. That case dealt with the allowance of a fee pursuant to the Clean Air Act, 42 U.S.C. § 7604(d), which provides simply that the fee be "reasonable." In contrast, the district court's allowance of fees is authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A), which specifies the principal elements of a reasonable fee as follows:

[A]ttorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

The district court properly applied the statute. Although expert testimony disclosed that the prevailing hourly rate in the community for comparable federal litigation was about $125, the district court re-

---

6. Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1797–98 (1984), 42 U.S.C. § 423 note (Supp.1986).

7. *Chilicky v. Schweiker,* 796 F.2d 1131, 1137–38 (9th Cir.1986), on which the Secretary relies, provides no reason for denying attorney fees. *Chilicky* granted immunity from damages to the Secretary and other federal and state officials who administered the social security disability

program. Granting immunity in *Chilicky* does not establish that the Secretary's position in *Hyatt* was substantially justified within the meaning of the Equal Access to Justice Act. The Secretary has cited no authority, nor has he called our attention to any legislative history, that discloses congressional intent to make an award of attorney fees dependent on the responsible officials' lack of qualified immunity.

duced the rate to $75. Taking judicial notice of statistics that the Secretary does not question the court added a cost of living allowance of $8, bringing the rate to $83. An enhancement of $12 brought the rate to $95 based on the court's finding that lawyers with the expertise of claimants' counsel "are not readily available." 586 F.2d at 1158. This finding satisfies the "special factor" recognized in § 2412(d)(2)(A) as a justification for increasing the basic $75 rate.

■ The district court's award is not excessive. We find no error of fact or law and affirm the fee and expense award for reasons adequately stated by the district court in its opinion, 586 F.Supp. 1154, and its order of September 11, 1985. On remand the district court should remove the 5% discount that it imposed as a result of our previous remand. The court should also award a reasonable fee for counsel's appellate services.

### VI

In summary, we affirm that part of the judgment of the district court that judicially waived the exhaustion of administrative remedies, tolled the period of limitation, and remanded the claims of designated subclasses to the Secretary. We also affirm the district court's allowance of attorney's fees and expenses. In all other respects we reinstate our prior judgment. The case is remanded for further proceedings consistent with this opinion.