Patrick H. **HYATT**, Herman O. **Caudle** and Mary P. **Lovingood**, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Otis R. **BOWEN**, Secretary of the United States Department of Health and Human Services, and North Carolina Department of Human Resources, Defendants.

Civ. A. No. C–C–83–655–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Dec. 10, 1987.
Order Feb. 5, 1988.

Charles M. Sasser, Legal Services of Southern Piedmont, Inc., and John Wester, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C., for plaintiffs.

Edward G. Lyons, Asst. U.S. Atty., Charlotte, N.C., Jason R. Baron, Office of Gen. Counsel, Dept. of Health and Human Services, Baltimore, Md., for defendants.

## ORDER IMPLEMENTING RELIEF TO CLASS

McMILLAN, District Judge.

This matter is again before the Court on an order of remand from the United States Court of Appeals for the Fourth Circuit *Hyatt, et al. v. Heckler*[1], 807 F.2d 376 (1986) and the Supreme Court of the United States *Bowen v. Hyatt, et al.,* — U.S. ——, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987). The Fourth Circuit's order overruled that part of its prior decision, *Hyatt, et al. v. Heckler,* 757 F.2d 1455 (1985), dismissing the claims of class members whose applica-

tions for disability benefits were denied but who failed to exhaust their administrative remedies or seek timely judicial review. *Hyatt,* 807 F.2d at 378. These persons, whose claims also meet the following class criteria from this Court's March 27, 1984 order, are the subject of the present order:[2]

A. The *Martin* and *Myers* Subclass

(1) All North Carolina residents who, since September 10, 1981, have applied for disability benefits (SSI or SSDI benefits) under the Social Security Act and whose claims were denied, either in an initial determination or another level of the administrative appeal procedure, because:

(a) the Secretary or DDS relied upon an absence or lack of end-organ damage, current or past, as determining that the claimant's hypertension or diabetes mellitus was not a severe impairment; or

(b) the Secretary or DDS relied upon an absence or lack of clinical findings as determining that the claimant's pain was not disabling.

In compliance with the Fourth Circuit's opinion and order, IT IS HEREBY ORDERED:

1. *Relief.* The Secretary shall reconsider under controlling Fourth Circuit precedent the claims of all class members as further described hereinafter. To identify properly and afford relief to all such class members, the Secretary shall take all steps set forth hereinafter.

2. *First Notice.* (a) Within forty-five (45) days of the date of this Order, the Secretary shall identify on a list all potential class members entitled to receive the First Notice (Attachment A). The list of such persons must include at least all those

---

**1.** The long history of this litigation may be reviewed in the prior orders of this court, the Court of Appeals and the Supreme Court. *Hyatt, et al. v. Heckler,* 579 F.Supp. 985 (W.D.N.C.1984) (decision on the merits); 586 F.Supp. 1154 (W.D.N.C.1984) (attorneys' fees); No. C–C–83–655–M (W.D.N.C. March 27, 1984) (class certification order); No. C–C–83–655–M (W.D.N.C. June 25, 1985) (implementation order); 618 F.Supp. 227 (W.D.N.C.1985) (attorneys' fees); 757 F.2d 1455 (4th Cir.1985) (first appellate decision on merits), *vacated and remanded sub*

*nom. Hyatt, et al. v. Bowen,* 476 U.S. 1166, 106 S.Ct. 2886, 90 L.Ed.2d 974 (1986); *Hyatt, et al. v. Heckler,* 807 F.2d 376 (1986) (second appellate decision on merits), *petition for cert. denied sub nom. Bowen v. Hyatt, et al.,* — U.S. ——, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987).

**2.** Implementation of relief for all other class members is proceeding pursuant to this court's June 25, 1985 order.

persons who have had any application for disability benefits denied on or after September 10, 1981, and before May 31, 1987 at or through any of the Secretary's or his agent(s)'s offices in North Carolina. (The term "offices in North Carolina" for these purposes shall comprise both North Carolina offices and offices located outside North Carolina to the extent they service North Carolina residents). It is expected that this list will include more than 80,000 names, based on the Secretary's own prior estimates. In designing the methods for identifying persons properly put on the First Notice list, the Secretary shall, if the possibility of error exists, err on the side of overinclusiveness.

(b) During the 45–day period specified above, the Secretary shall periodically inform plaintiff's counsel of the general approach the Secretary intends to use in identifying recipients of the First Notice. Within the 45–day period specified above, the Secretary shall serve on plaintiffs' counsel both the First Notice list and all relevant information about how this list was assembled, including all relevant documents concerning the Secretary's computer programs, checklists and other aspects of the Secretary's effort to identify applicants entitled to receive the First Notice.

(c) The Secretary shall mail the First Notice to all persons identified on the First Notice list within 45 days after the service of the list on plaintiffs' counsel (i.e., at the very latest, within 90 days after the entry of this Order).

(d) If, after reviewing the list and any portion of the documents made available by the Secretary, plaintiffs' counsel deem it necessary to discuss the Secretary's procedures in formulating the list with persons knowledgeable about them, the Secretary shall within 5 days after receiving such a request, make such knowledgeable persons available in Charlotte for discussions with plaintiffs' counsel. If, after reviewing these identification programs, plaintiffs' counsel have any dispute with the Secretary about the procedures he has used in making the First Notice list, plaintiffs'

counsel shall inform the Court, and the Court will resolve such dispute.

3. *Notice Instructions.* The Secretary shall send Attachment A, together with Attachment B as the First Notice to potential class members. As indicated on Attachment A, the notice shall include the telephone number and address of the local Legal Services office serving an individual class member's last known address, in addition to the address and toll-free number of class counsel. In addition:

(a) The First Notices set forth in Attachment A shall be accompanied by Attachment B, which shall be a postage prepaid self-addressed postcard for return to the Secretary.

(b) The First Notice packages shall be mailed by certified mail, return receipt requested, to the potential class members' last known address. If returned to the Secretary undelivered, or if lost, another identical notice shall be mailed by regular, first-class mail to the last known address with the words "Please Forward" clearly printed on the face of the envelope. If again returned undeliverable, the Secretary shall request from the North Carolina Department of Human Resources a last known address of the potential class member. If a different address is obtained the Secretary shall repeat the first mailing and (if necessary) the second mailing described above.

(c) All persons shall have 120 days from receipt of the full First Notice package to respond to the notice. The recipient may properly respond by mailing in Attachment B, by turning in Attachment B to any Social Security Office, or by otherwise indicating his or her interest in taking advantage of this relief to any representative of the Secretary, as specified in paragraph 4 below. If a person receives a First Notice and does not respond in timely fashion, he or she nevertheless shall be permitted to apply for class membership, but may be denied class status absent a finding of "good cause" as defined in the Program Operations Manual System (POMS). Presumptive good cause determinations shall be afforded persons with mental impair-

ments. Denials of class membership for untimely filing shall be reviewable to the same extent as provided by Paragraph 5(c) below.

(d) In addition to providing individual notice to potential class members, the Secretary is further ordered to publicize this decision by means of: public service announcements on radio stations and television stations throughout North Carolina; posters in all Social Security offices, Offices of Hearings and Appeals that service North Carolina claimants, and the North Carolina Departments of Social Services; and press releases to newspapers throughout North Carolina. In addition, posters shall be placed in the emergency rooms of all hospitals in North Carolina. Plaintiffs' counsel shall approve the content of all public service announcements, posters and press releases. The overriding concern of the Court is that such notices be short and simple. For the sake of brevity and simplicity, the content of the notices may be overinclusive in describing who may apply for relief. The Secretary shall begin disseminating these public notices on the day the first set of First Notices is sent and in all events the announcements shall be made continuously for at least 120 days following the last mailing of First Notices by the Secretary. The Secretary shall provide plaintiffs' counsel with a list of all newspapers, radio and television stations, hospitals and other locations used to broadcast or post these notices.

4. *Review of Applications for Class Membership.* The Secretary shall fully consider for class membership each person who returns the response form mailed out with the First Notice or who otherwise informs the Secretary of his or her interest in participating in this remedial process. In particular, any person interested in participating in class relief, or his or her representative, may so advise the Secretary of such interest at any Social Security office or through the office of any agent of the Secretary, whether or not such person is sent or responds to the First Notice. The Secretary's representatives shall assist any such person in completing the written application for class membership set forth in Attachment C. These forms shall be made available free of charge at every Social Security office in North Carolina and shall be distributed freely. No person shall be precluded for any reason from applying for class membership by way of such application. The Secretary's representatives shall give the form set forth in Attachment C, and assistance in completing the form, to any person who inquires generally, specifically or in any way about the *Hyatt* case, the procedure detailed herein or reconsideration of a previously denied claim.

5. *Initial Determination on Applications for Class Membership.*

(a) The Secretary shall use best efforts to render within 45 days of the receipt of Attachments A or B an initial determination whether an applicant for class membership is in fact a class member. The Secretary shall in no case respond with a decision on class membership later than 120 days after receiving a response form sent out with the First Notice or receiving any application in the form of Attachment C. The Secretary, within this 45–120 day time period, shall mail to the applicant a written decision (in the form of either Attachment D or Attachment E) notifying the applicant of the Secretary's initial determination. The Secretary shall record with respect to each class member the date of receipt of his or her Attachment B or Attachment C (the date of receipt being the earliest date of receipt by any representative of the Secretary, including in particular receipt at any Social Security office).

(b) In making these initial determinations, the Secretary shall review the files of applicants for class membership in good faith. To reduce the number of improperly decided initial determinations, the Secretary, within 90 days of the date of this order or in any event before the First Notice packages are mailed, shall organize and conduct a centralized training event(s) with mandatory attendance for all employees who will make or recommend such determinations. Class counsel shall be included in the planning, design and delivery

of such training. The Secretary shall keep in mind the standards governing class membership set forth hereinafter as well as this Court's overall remedial intentions and directive that, in cases of doubt, applicants should be found to be class members.

(c) If the Secretary decides that the person is not a class member, then (1) within 10 working days thereafter, the Secretary shall make available the person's file to plaintiffs' counsel or a designee thereof at the Social Security district office address that plaintiffs' counsel shall provide; it is understood that plaintiffs' counsel may request that different files be shipped for review to different locations, according to the claimant's present address; (2) the Secretary and plaintiffs' counsel or the designee thereof shall confer if review of the file generates a disagreement with the Secretary's decision; and (3) the parties will submit the dispute to this Court for resolution if they cannot resolve it themselves. If the number of such disputes is large or the resolution of disputes is not promptly made, the Court will expect to appoint a special master.

(d) Once a disputed class claim is resolved, the Secretary shall mail within 5 days of such resolution a notice of final determination of class membership (Attachment F or G) to the concerned applicant.

6. *Resolution of Questions Concerning Class Membership.* The following directives are made to clarify who is and who is not in the class entitled to relief:

(a) No terminee class member who received notice under the June 25, 1985 order is entitled to relief under the present order. No initial applicant class members who participated in the relief afforded by this Court's June 25, 1985 order shall be eligible for relief under the present order unless their claims were not reviewed under proper Fourth Circuit precedent.

(b) Class members eligible for relief under this order are initial applicants for disability benefits whose claims have been denied at any administrative level from September 10, 1981 to May 31, 1987. A "denial" includes the expiration

of the claimant's opportunity to appeal in timely fashion an adverse determination. No person shall be denied class membership on grounds of *res judicata* if his or her claim otherwise meets the class definition.

(c) As set forth in the March 27, 1984 order, any person is entitled to participate in relief as a class member "if their claim involved allegations of hypertension or diabetes or pain, or any condition with which pain is commonly associated, including but not limited to chronic back pain."

(d) No class member shall be excluded from relief because he or she brought an individual action in federal court and lost. Class members shall have the right to choose between a new review as a class member or proceeding with their own individual action. The Secretary shall promptly review all individual Social Security cases pending in North Carolina, or decided since September 10, 1981, and in each such case shall file and serve Attachment A, H or I, as appropriate.

(e) No person should be excluded from relief because the file shows that he or she has performed some work unless the record conclusively shows that the person has actually engaged in substantial gainful activity within the meaning of 20 C.F.R. Section 404.1571–1576 for the entire alleged period of his disability or for such a period as would preclude him from establishing a 12–month period of disability. Persons with unsuccessful work attempts during an alleged period of disability are in the class. If there is any possibility that a decisionmaker considered medical condition as well as work activity in making the adverse determination, the person is in the class.

(f) The class includes every person who otherwise meets the class requirements and now lives in North Carolina or has lived in North Carolina at any time on or after September 10, 1981. Legal residency need not have been established to confer class status. The Secretary shall fully utilize centralized sources of information such as, but not limited to, the North Carolina Department of Hu-

man Resources and Disability Determination Services, that might identify persons who have resided in this state during the relevant period.

(g) If a person's file cannot be located within 120 days of his or her application for class membership, it shall be considered a "lost" file and the applicant shall be accorded class member status.

7. *New Determinations and Hearings.* The following instructions are provided to assure the orderly and efficient reconsideration of class members' claims under the orders of this Court and the Fourth Circuit:

(a) Following any final determination of class member status (by the Secretary alone, by the Secretary in consultation with plaintiffs' counsel, or by the Court), the person so determined to be a class member shall be given a new determination by the North Carolina Disability Determination Services (DDS) or a new hearing by an Administrative Law Judge (ALJ). Those class members' files whose claims were decided last by DDS shall be returned to DDS for one review pursuant to this order and from which the claimant shall be entitled to appeal directly to an ALJ for a hearing with further, full appeal rights. Those class members' files whose claims were decided last by an ALJ, the Appeals Council or a federal court shall be returned to the appropriate Office of Hearing and Appeals (OHA) for a new hearing by an ALJ, with full appeal rights. The Secretary shall proceed expeditiously and with all possible speed in processing and scheduling for new determinations and hearings and for case development the claims of class members, subject to the reasonable needs of individual representatives requesting further time for case development.

(b) Counsel are directed to consult on the implementation of a system of review ·providing for the orderly and timely remand of cases to DDS and to the OHAs for review. Counsel are directed to report to the Court within 90 days of this order the terms of the plan they adopt.

(c) All class members shall have the rights of administrative and judicial review afforded by 20 CFR, Part 404, Subpart J and 42 U.S.C. Section 405(g).

(d) Under its June 25, 1985 order, this Court directed that the claims of subclass A(1)(b) (the *Myers* initial applicants) should be reconsidered pursuant to the "interim pain standard" of Section 3(a) of the 1984 Social Security Disability Benefits Reform Act (DIBRA). That standard has expired by the terms of DIBRA. Before expiration, however, the Fourth Circuit found that the DIBRA pain standard was consistent with Fourth Circuit case law as enunciated in *Myers. Foster v. Heckler*, 780 F.2d 1125 (1986). Accordingly, regardless of the name by which the Secretary refers to his present pain standard, he shall follow in these reviews the standard articulated in Fourth Circuit case law. In particular, the Secretary shall fully consider claimants' subjective complaints of pain without requiring objective or clinical evidence of the degree of pain alleged.

(e) The Secretary shall consider the claims of subclass A(1)(a) under the precedent of *Martin v. Secretary of HEW*, 492 F.2d 905 (4th Cir.1974). The Secretary shall fully consider the disabling effects of hypertension or diabetes without requiring the presence of end-organ damage for a finding of disability.

(f) The Secretary's decisionmakers shall state expressly the standards they employ in evaluating all class members' claims.

(g) When the Secretary reconsiders claims of class members who have filed subsequent disability applications and who now are receiving benefits, only the period prior to the payment date may be considered at issue. If a period of continuous disability from the earlier through the later application results, then payment must be made for the 5–month waiting period withheld under the second application and no 12–month period of disability may be required under the first application.

(h) Class members who have current pending claims are entitled nonetheless to relief. They may choose either (1) to consolidate their claims for one hearing

pursuant to this Order; or (2) to suspend disposition of either claim pending resolution of the other.

(i) The claims of some class members will have little medical evidence of record. DDS and OHAs are directed to develop fully the medical record of each claim, using treating physicians whenever possible and employing consultative examiners when necessary. Section 9, Pub.L. 98–460 (DIBRA), 98 Stat. 1794; *see also, Cook v. Heckler,* 783 F.2d 1168, 1173–74 (4th Cir.1986).

8. *Program Monitoring Information.*

(a) Every class membership application (Attachments B & C) received by the Secretary shall be photocopied immediately and mailed on receipt to the applicant's last known individual representative, if any, and to plaintiffs' counsel at not more than one address they provide. Every 60 days from the date of the first issuance of First Notices, the Secretary shall provide plaintiffs' counsel with an updated, complete, numbered list of persons who have applied for class relief during the preceding 60 days, stating the date of receipt of each such person's application, stating whether the person's claim was for SSI, and incorporating such other information about class applicants available to the Secretary as plaintiffs' counsel reasonably may request.

(b) In addition to providing notice to the applicant for class membership, the Secretary shall photocopy and mail copies of the class membership determination (Attachments D, E, H or I) to the applicant's last known individual representative, if any, and to plaintiffs' counsel at not more than one address they provide. Every 60 days from the date of the first issuance of First Notices, the Secretary shall provide plaintiffs' counsel with two separate, complete, numbered lists of those applicants acknowledged as class members and those applicants preliminarily denied class membership, together with the date of such acknowledgement or denial. These lists also shall incorporate such other information about class applicants available to the Secretary as plaintiffs' counsel reasonably may request.

(c) In addition to providing notice to the applicant for class membership, the Secretary, upon resolution of a disputed class status claim, shall photocopy and mail the final determination of class status (Attachment F or G) to the applicant's last known individual representative, if any, and to plaintiffs' counsel at not more than one address they provide. Every 60 days after the date of the first issuance of First Notices, the Secretary shall provide to class counsel two separate, complete, numbered lists of disputed applicants finally approved or denied class membership, together with the date of determination and such other information about class applicants available to the Secretary as plaintiffs' counsel reasonably may request.

(d) In addition to providing notice to the class member: (i) every notice of hearing on class members' claims shall be photocopied and mailed to the class member's last known individual representative, if any, and class counsel at not more than one address they provide; and (ii) photocopies of the results of all decisions on all class members' claims shall be mailed to plaintiffs' counsel.

(e) The photocopies of completed Attachments B, C, D, E, F, G, H and I, as well as hearing notices and new decisions supplied to plaintiffs' counsel under the preceding paragraphs shall be mailed to plaintiffs' counsel under separate cover for each type of notice.

9. The Court will enter a separate order regarding attorneys' fees for the work of plaintiffs' counsel on this case subsequent to the work reported in their last fee petition. No benefits shall be withheld from awards to class members for purposes of paying attorneys' fees to plaintiffs' counsel. Nothing herein shall be interpreted as cause for the Secretary to fail to withhold benefits from class members' awards for the payment of fees to claimants' authorized, individual representatives pursuant to 42 U.S.C. Section 406.

10. The Court will retain jurisdiction in this case for the purpose of ensuring the

proper identification of class members and compliance with the terms of this order. The Court will enter a final order after the claims of all class members are remanded to the Secretary and any disputes regarding class issues are resolved. After entry of a final order, the Court will consider an attorneys' fees petition covering the further work of plaintiffs' counsel during implementation.

### ATTACHMENT A

### NOTICE OF RELIEF: YOU MAY HAVE THE RIGHT TO SOCIAL SECURITY PAYMENTS

### READ VERY CAREFULLY

- DID YOU EVER APPLY FOR DISABILITY BENEFITS?
- WAS YOUR CLAIM DENIED SINCE SEPTEMBER 10, 1981?
- DID YOU HAVE PAIN OR HIGH BLOOD PRESSURE OR DIABETES (LOW OR HIGH SUGAR)?

IF YOU CAN ANSWER YES TO THESE QUESTIONS, YOUR CLAIM MAY BE LOOKED AT AGAIN. YOU COULD GET DISABILITY BENEFITS AS A RESULT. IF YOU ARE RECEIVING BENEFITS NOW YOU COULD GET MORE BENEFITS. THIS IS BECAUSE OF A CLASS ACTION LAWSUIT CALLED *HYATT V. HECKLER.*

IF YOU WANT YOUR OLD DENIED CLAIM REVIEWED AGAIN, *FILL OUT THE POSTCARD AND RETURN IT TO SOCIAL SECURITY.* DO THIS AS SOON AS POSSIBLE OR WITHIN 120 DAYS. DO NOT WAIT ANY LONGER OR YOU MAY LOSE YOUR RIGHT TO A REVIEW.

IF YOU HAVE QUESTIONS ABOUT THIS NOTICE, YOU SHOULD CONTACT YOUR LAWYER OR REPRESENTATIVE. SHOW HIM OR HER THIS NOTICE. YOU MAY ALSO WRITE OR CALL (TOLL–FREE) THE DISABILITY HOTLINE. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

NORTH CAROLINA DISABILITY INFORMATION OFFICE

325 North Salisbury Street
Raleigh, North Carolina 27611
1–800–638–6810

IF YOU HAVE QUESTIONS OR IF YOU NEED A LAWYER OR REPRESENTATIVE, YOU MAY CONTACT YOUR LOCAL LEGAL SERVICES OFFICE. THEIR SERVICES ARE FREE. THEY MAY REFER YOU TO A PRIVATE ATTORNEY. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

(To be provided by plaintiffs' counsel)

IF YOU HAVE QUESTIONS ABOUT THIS CASE OR YOUR RIGHTS, YOU MAY ALSO CONTACT ATTORNEYS FOR THE CLASS. HOWEVER, THEY CANNOT REPRESENT YOU IN YOUR INDIVIDUAL CLAIM FOR BENEFITS. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

LEGAL SERVICES OF SOUTHERN PIEDMONT, INC.

700 Stonewall Street–Suite 600
East Independence Boulevard
Charlotte, North Carolina 28202
(704) 376–1608

YOU MAY ALSO CONTACT YOUR LOCAL SOCIAL SECURITY OFFICE.

### ATTACHMENT B

### REQUEST FOR HYATT REVIEW (FILL OUT AND RETURN)

I WANT MY CLAIM REVIEWED UNDER *HYATT V. HECKLER.*

_____
NAME

_____
ADDRESS

_____
SOCIAL SECURITY NUMBER

( )_____
TELEPHONE NUMBER

_____    _____
Signature                    Date

### ATTACHMENT C

### APPLICATION FOR CLASS MEMBERSHIP (FILL OUT AND RETURN)

HAVE YOU APPLIED FOR DISA-BILTY BENEFITS BEFORE?

WAS YOUR CLAIM DENIED SINCE SEPTEMBER 10, 1981?

DID YOU HAVE PAIN, HIGH BLOOD PRESSURE OR DIABE-TES (LOW OR HIGH SUGAR?)

IF YOU CAN ANSWER YES TO THESE QUESTIONS, YOUR CLAIM MAY BE LOOKED AT AGAIN. YOU COULD GET DISABILITY BENEFITS AS A RESULT.

IF YOU ARE RECEIVING BENEFITS NOW YOU COULD GET MORE BENE-FITS. THIS IS BECAUSE OF A CLASS ACTION LAWSUIT CALLED *HYATT V. HECKLER.* SEE THE ATTACHED LIST OF PEOPLE YOU CAN CALL FOR HELP.

IF YOU WANT YOUR CLAIM RE-VIEWED, FILL OUT THIS PAPER AND RETURN IT TO YOUR LOCAL SOCIAL SECURITY OFFICE.

_____

NAME (PLEASE PRINT)

_____

ADDRESS

_____

SOCIAL SECURITY NUMBER

_____

TELEPHONE NUMBER

_____    _____

SIGNATURE                    DATE

### ATTACHMENT D

### FAVORABLE DECISION ON HYATT CLASS

YOU ASKED SOCIAL SECURITY TO LOOK AGAIN AT YOUR CLAIM FOR DISABILITY BENEFITS. WE HAVE LOOKED AT YOUR CASE. WE HAVE DECIDED THAT YOU *ARE* A MEMBER OF THE *HYATT* CLASS ACTION. THIS MEANS THAT YOU WILL HAVE A NEW CHANCE TO PROVE YOUR CLAIM.

SOON WE WILL REVIEW YOUR CLAIM. IF YOU GET A NEW HEAR-ING, WE WILL SEND A NOTICE TO YOU WITH THE DATE, TIME AND PLACE OF THE NEW REVIEW OR HEARING. IF YOU LOSE YOUR NEW REVIEW OR HEARING, YOU CAN AP-PEAL.

YOU SHOULD CONTACT YOUR LAW-YER OR REPRESENTATIVE NOW. SHOW HIM OR HER THIS NOTICE.

IF YOU DO NOT HAVE A LAWYER OR REPRESENTATIVE, YOU CAN CALL YOUR LOCAL LEGAL SERVICES OFFICE. THEIR SERVICES ARE FREE. THEY MAY REFER YOU TO A PRIVATE LAWYER. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

(To be provided by plaintiffs' counsel)

IF YOU HAVE QUESTIONS ABOUT WHAT TO DO NEXT, YOU CAN WRITE OR CALL (TOLL–FREE) THE NORTH CAROLINA DISABILITY HOTLINE. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

NORTH CAROLINA DISABILITY IN-FORMATION OFFICE

325 North Salisbury Street

Raleigh, North Carolina 27611

1–800–638–6810

YOU MAY ALSO CONTACT THE AT-TORNEYS FOR THE CLASS:

LEGAL SERVICES OF SOUTHERN PI-EDMONT, INC.

700 Stonewall Street–Suite 600

East Independence Plaza

Charlotte, North Carolina 28202

(704) 376–1608

### ATTACHMENT E

### UNFAVORABLE DECISION ON HYATT CLASS

YOU ASKED SOCIAL SECURITY TO LOOK AGAIN AT YOUR CLAIM FOR DISABILITY BENEFITS. WE HAVE LOOKED AT YOUR CASE. WE THINK THAT YOU *ARE NOT* A MEMBER OF THE *HYATT* CLASS FOR THE REASON GIVEN BELOW. THIS MEANS THAT WE WILL *NOT* REVIEW YOUR CLAIM UNLESS WE LATER CHANGE OUR MIND.

THIS IS WHAT WILL HAPPEN NEXT. YOUR FILE WILL BE SENT TO THE ATTORNEYS FOR THE CLASS. THEY WILL REVIEW YOUR CASE. IF THEY THINK THAT WE ARE WRONG, WE MAY CHANGE OUR MIND AND LOOK

AT YOUR CASE AGAIN. IF THEY THINK THAT WE ARE RIGHT, WE WILL SEND YOU ANOTHER LETTER EXPLAINING WHAT HAPPENED.

THIS PROCESS WILL TAKE SEVERAL MONTHS. PLEASE BE PATIENT AND WAIT FOR THE NEXT NOTICE.

IF YOU HAVE ANY QUESTIONS ABOUT WHAT YOU SHOULD DO NEXT, YOU MAY WRITE OR CALL (TOLL-FREE) THE DISABILITY HOTLINE. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

NORTH CAROLINA DISABILITY INFORMATION OFFICE

325 North Salisbury Street

Raleigh, North Carolina 27611

1/800/638-6810

*REASON FOR UNFAVORABLE DECISION*

YOU ARE NOT A *HYATT* CLASS MEMBER BECAUSE:

\_\_\_\_ YOUR DISABILITY WAS DENIED BEFORE SEPTEMBER 10, 1981, AND YOUR RIGHT TO APPEAL HAD EXPIRED BY THAT DATE.

\_\_\_\_ THE FINAL DECISION OF SOCIAL SECURITY WAS FULLY FAVORABLE AND YOU RECEIVED BENEFITS AS OF YOUR EARLIEST ALLEGED ONSET DATE.

\_\_\_\_ YOUR CLAIM WAS DENIED INITIALLY AFTER MAY 31, 1987.

\_\_\_\_ YOUR CLAIM DID NOT INVOLVE IN ANY WAY THE PROBLEMS OF PAIN, HIGH BLOOD PRESSURE OR DIABETES (LOW OR HIGH SUGAR)

### ATTACHMENT F

#### FAVORABLE FINAL DECISION ON HYATT CLASS

WE HAVE LOOKED AT YOUR CASE AGAIN. WE HAVE DECIDED THAT YOU *ARE* A MEMBER OF THE *HYATT* CLASS. THIS MEANS THAT YOU WILL HAVE A NEW CHANCE TO PROVE YOUR CLAIM.

SOON WE WILL REVIEW YOUR CLAIM. IF YOU GET A NEW HEAR-

ING, WE WILL SEND NOTICE TO YOU WITH THE DATE, TIME AND PLACE OF THE NEW REVIEW OR HEARING. IF YOU LOSE YOUR NEW REVIEW OR HEARING, YOU CAN APPEAL.

*YOU SHOULD CONTACT YOUR LAWYER OR REPRESENTATIVE NOW. SHOW HIM OR HER THIS NOTICE.*

IF YOU DO NOT HAVE A LAWYER OR REPRESENTATIVE, YOU CAN CALL YOUR LOCAL LEGAL SERVICES OFFICE. THEIR SERVICES ARE FREE. THEY MAY REFER YOU TO PRIVATE ATTORNEY. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

(To be provided by plaintiffs' counsel)

IF YOU HAVE QUESTIONS ABOUT WHAT TO DO NEXT, YOU CAN WRITE OR CALL (TOLL-FREE) THE DISABILITY HOTLINE. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

NORTH CAROLINA DISABILITY INFORMATION OFFICE

325 North Salisbury Street

Raleigh, North Carolina 27611

1-800-638-6810

YOU MAY ALSO CONTACT THE ATTORNEYS FOR THE CLASS:

LEGAL SERVICES OF SOUTHERN PIEDMONT, INC.

700 Stonewall Street-Suite 600

East Independence Plaza

Charlotte, North Carolina 28202

(704) 376-1608

### ATTACHMENT G

#### UNFAVORABLE FINAL DECISION ON HYATT CLASS

WE HAVE LOOKED AT YOUR CASE AGAIN. WE HAVE DECIDED THAT YOU *ARE NOT* A MEMBER OF THE *HYATT* CLASS FOR THE REASON GIVEN BELOW. THIS MEANS THAT YOUR OLD CLAIM FOR DISABILITY *WILL NOT* BE REVIEWED AGAIN.

IF YOU BELIEVE THAT YOU ARE DISABLED, YOU SHOULD FILE A NEW APPLICATION FOR DISABILITY BENE-

FITS. THIS CAN BE DONE AT YOUR LOCAL SOCIAL SECURITY OFFICE.

IF YOU HAVE QUESTIONS ABOUT THIS NOTICE OR WHAT TO DO NEXT, YOU CAN WRITE OR CALL (TOLL-FREE) THE DISABILITY HOTLINE. THEIR ADDRESS AND TELEPHONE NUMBER ARE:

NORTH CAROLINA DISABILITY INFORMATION OFFICE
325 North Salisbury Street
Raleigh, North Carolina 27611
1–800–638–6810

*REASON FOR UNFAVORABLE DECISION*

YOU ARE NOT A *HYATT* CLASS MEMBER BECAUSE: .

____ YOUR DISABILITY WAS DENIED BEFORE SEPTEMBER 10, 1981, AND YOUR RIGHT TO APPEAL HAD EXPIRED BY THAT DATE.

____ THE FINAL DECISION OF SOCIAL SECURITY WAS FULLY FAVORABLE AND YOU RECEIVED BENEFITS AS OF YOUR EARLIEST ALLEGED ONSET DATE.

____ YOUR CLAIM WAS DENIED INITIALLY AFTER MAY 31, 1987.

____ YOUR CLAIM DID NOT INVOLVE IN ANY WAY THE PROBLEMS OF PAIN, HIGH BLOOD PRESSURE OR DIABETES (LOW OR HIGH SUGAR).

### ATTACHMENT H

### NOTICE OF AVAILABILITY OF RELIEF UNDER *HYATT V. HECKLER*

In *Hyatt v. Heckler*, Civil Action No. C–C–83–655–M (W.D.N.C.1987), the Court granted relief to a class of North Carolina residents denied Social Security benefits. YOU ARE A MEMBER OF THE *HYATT* CLASS. Since you also have this separate lawsuit pending, you now need to make a choice.

First, you can proceed with this individual lawsuit. If you do this, you will not get relief as a *Hyatt* class member.

Second, you can get a remand of your lawsuit now and receive relief as a *Hyatt* class member. As a *Hyatt* class member, you are entitled to reconsideration of your claim at this time by the Social Security Administration. In this process, you may present any further evidence you wish to present, and you will have a right to both agency and judicial review of the Secretary's decisions in this process.

Defendant's counsel will be happy to give you a copy of the Court's order in the *Hyatt* case. Counsel for the class are Legal Services of Southern Piedmont, Inc., 700 Stonewall Street–Suite 600, East Independence Plaza, Charlotte, North Carolina 28202, (704) 376–1608 and can answer questions about the *Hyatt* case if you have them.

_____

Defendant's Counsel

### ATTACHMENT I

### NOTICE OF OPPORTUNITY TO SEEK *HYATT* CLASS MEMBERSHIP

In *Hyatt v. Heckler*, Civil Action No. C–C–83–655–M (W.D.N.C.1985), the Court granted relief to a class of North Carolina residents denied Social Security benefits. All *Hyatt* class members are entitled to reconsideration of their claims at this time by the Social Security Administration. In this process, they may present any further evidence they wish to present, and obtain full agency and judicial review of any decisions against them.

We believe that you are *not* a *Hyatt* class member for the reason set forth on the attached sheet. Our opinion, however, does *not* affect in any way this pending individual lawsuit. Our opinion is also not conclusive. We are providing this notice in case you wish to try to obtain relief as a *Hyatt* class member.

If you wish to contest our view that you are not a *Hyat* class member, you should let us know within 120 days. We will promptly reconsider our determination after you have made any arguments for why you should be included in the *Hyatt* class. If after hearing your position, we maintain

that you are not a member of the *Hyatt* class, you will then be free to challenge our decision in Court in one (but not both) of two ways. First, the Court in the Western District of North Carolina (Judge McMillan in Charlotte) is now processing most disagreements about class membership in the context of the *Hyatt* case. You may have your claim of class membership handled along with other such claims by the federal court in Charlotte. To do that, you should contact class counsel at Legal Services of Southern Piedmont, Inc., 700 Stonewall Street–Suite 600, East Independence Plaza, Charlotte, North Carolina 28202 or telephone (704)376–1608. Second, you may take a motion to the Court in this case requesting the Court to resolve whether you are a *Hyatt* class member. If the Court is willing to resolve this dispute, and concludes that you are a class member, then we will treat you as a *Hyatt* class member.

If it is determined that you *are* a *Hyatt* class member, then you will have a choice. First, you can dismiss your present lawsuit and get relief as a *Hyatt* class member pursuant to the Order in the *Hyatt* case. Second, you can simply proceed with this separate, individual lawsuit, but not get relief as a *Hyatt* class member. If it turns out that you are a *Hyatt* class member, you will have this choice and the choice will be entirely yours.

If you do not wish to contest our view that you are not a class member, you need do nothing other than proceed as you normally would through the course of your pending individual lawsuit.

If you wish to contest our decision that you are not a member of *Hyatt*, YOU MUST TELL US WITHIN THE NEXT 120 DAYS. If you do not act during this 120 day period, any claim that you might have to *Hyatt* class membership will be lost.

Defendant's counsel will be happy to give you a copy of the Court's Order in the *Hyatt* case. Also, counsel for the class at Legal Services of Southern Piedmont, Inc., in Charlotte, can answer any questions about the case that you might have.

Defendant's Counsel

V408110

### ORDER

This order supplements the order entered December 10, 1987, implementing class relief pursuant to the order of remand from the United States Court of Appeals for the Fourth Circuit, 807 F.2d 376 (1986), and the Supreme Court of the United States, *Bowen v. Hyatt, et al.,* — U.S. —, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987).

On the one remaining issue, the scope of evidence to be considered on remand to the Secretary's Administrative Law Judges or Disability Determination Services,

IT IS ORDERED that:

1. The Secretary shall consider all evidence of the past and present medical and physical condition or conditions of each member of the *Martin* and *Myers* subclass, which reasonably relates to or is traceable to or is a complication of or derivation of any or all of:

a. The condition or conditions from which the class member suffered at the time the original claim was filed;

b. The condition or conditions alleged in the class member's original claim;

c. The condition or conditions alleged in any amendment reasonably related to the class member's original claim;

d. The condition or conditions alleged in any civil complaint reasonably related to the class member's original claim.

2. This order does not in any way reduce the Secretary's obligation to consider on remand all other impairments which may have existed or do exist in combination with the condition or conditions referred to in paragraph one of this order.

3. A clearly legible copy of this order shall be sent by the Secretary to every class member at his or her last known address along with the First Notice and Attachments A and B as described in paragraph (3) of the court's December 10, 1987, implementation order; and a copy of this order shall also accompany the notice of

hearing sent to each class member whose claim is set for hearing.

