**Levi WRIGHT, Sr. Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 5:99–CV–278–BO3.**

United States District Court,
E.D. North Carolina,
Western Division.

Aug. 16, 2000.

Patricia G. Bare, Raleigh, NC, for Levi Wright, plaintiffs.

Barbara D. Kocher, U.S. Attorney's Office, Raleigh, NC, for Kenneth Apfel, defendants.

## ORDER

TERRENCE WILLIAM BOYLE, Chief Judge.

This matter is before the Court on Plaintiff's and Defendant's cross-Motions for Judgment on the Pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The underlying action seeks judicial review of Defendant's denial of Plaintiff Levi Wright, Sr.'s application for disability insurance benefits. The Court will deny Defendant's motion, grant Plaintiff's motion, and remand the case to the Social Security Administration for further proceedings.

### 1. Standard of Review

■ The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq.,* is limited to determining whether the findings of the Administrative Law Judge are supported by substantial evidence and whether the correct law was applied. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). *See also* 42 U.S.C. § 405(g) (providing that findings of fact shall be conclusive if supported by substantial evidence). "Substantial evidence" has been defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *See Hunter v. Sullivan,* 993 F.2d 31, 34 (4th Cir.1992). Substantial evidence is "evidence which a reasonable mind would accept as adequate to support a conclusion. It is more than a scintilla of evidence but somewhat less than a preponderance." *Blalock v. Richardson,* 483 F.2d 773, 776 (4th Cir.1972). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch,* 495 F.2d 396, 397 (4th Cir.1974).

### 2. Discussion

A claimant for disability benefits bears the burden of proving a disability. 42 U.S.C. § 423(d)(5). Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). The burden of proving a disability within the meaning of 42 U.S.C. § 423(d)(1)(A) is on the claimant. Therefore, the claimant must demonstrate that:

> [H]is physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The ALJ, in considering evidence of Wright's disability, was required to conduct the sequential analysis required by 20 C.F.R. § 404.1520. *Hall v. Harris,* 658 F.2d 260 (4th Cir.1981). Under the analy-

sis, if the individual is found "not disabled" at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). That analysis required the ALJ to determine the following:

(1) whether the claimant is currently engaged in substantial gainful activity;

(2) if not, whether he has a severe impairment;

(3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 to Subpart P of the Administrative Regulations No. 4, which warrants a finding of disability without considering vocational factors; and

(4) if not, whether the impairment prevents him from performing past relevant work.

(5) By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability.

With inquiry five, the burden shifts to the Commissioner to determine whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall,* 658 F.2d at 264–65.

 In the case at bar, Wright first applied for benefits in 1983. His application was denied and he did not appeal. In 1989, Wright suffered a stroke and again applied for benefits. This application was approved, with the onset date of March 1, 1989. Wright's application for benefits for the years 1983 to 1989 was reopened in 1987 in accordance with *Hyatt v. Heckler,* 807 F.2d 376, 379 (4th Cir.1986). His application was reconsidered and denied. On appeal, the ALJ found that during the period from 1983 until March 1, 1989, Wright did not have an impairment or combination of impairments meeting or equaling the severity of an Appendix 1 listed impairment. The ALJ further determined that Wright's medical evidence establishes that he had a treatment history for small bowel obstruction with adhesions, hypertension, low back pain, and chronic alcoholism, impairments of sufficient severity to cause significant vocationally relevant limitations. The ALJ found that Wright was nevertheless able to perform his past relevant work as a self-employed mechanic, as he had the residual functional capacity to perform the exertional requirements of medium work

In concluding that Wright was capable of medium work, the ALJ followed section 105 of Public Law 104–121, enacted March 29, 1996, which requires a finding of no disability where a claimant would not have been disabled had he stopped drinking during the relevant period. Therefore, the ALJ concluded that Wright has not been disabled at any time during the relevant period. The decision became the final decision of the Commissioner on March 18, 1999, when the Appeals Council refused Wright's request for review.

Wright makes five arguments: 1) the ALJ's finding that before March 1, 1996 Wright was capable of performing medium work was not supported by substantial evidence; 2) the ALJ failed to acknowledge all of Wright's impairments, and therefore failed to consider or explain his evaluation of the combined effect of these impairments; 3) the ALJ failed to give specific reasons for discrediting Wright's testimony regarding his impairments and their impact upon his functional status; 4) the ALJ erroneously concluded that alcoholism was a material contributing factor in Wright's disability; 5) the ALJ erroneously considered Wright's ability to perform past work as relevant, as Wright has not worked since 1972. This Court will remand without deciding any of these possible grounds for relief, for the reasons given below.

In determining that Wright was not disabled, the ALJ relied upon Section 105 of Public Law 104–121, enacted on March 29, 1996, which prohibited the consideration of Wright's alcoholism-related pain and ailments. That law applies to every individual

who applies for, or whose claim is finally adjudicated by the Commissioner of Social Security with respect to, supplemental security income benefits under title XVI of the Social Security Act based on disability on or after the date of the enactment of this Act . . .

P.L.104–121, § 105(b)(5)(A). Wright first applied for benefits in 1983. In 1987, the Fourth Circuit ruled that as a *Hyatt* plaintiff, he was entitled to have his application "reconsidered." *See Hyatt v. Heckler,* 807 F.2d 376, 379 (4th Cir.1986). It is clear that Wright's *Hyatt* claim is not a new claim, and that he "applied for" benefits well before P.L. 104–121's 1996 enactment date. Furthermore, Wright's 1983 claim must be considered "finally adjudicated" before 1996. A claim is generally "finally adjudicated" when it has been denied by the Commissioner of the Social Security Administration, acting through the Appeals Council. *Miller v. Callahan,* 964 F.Supp. 939, 947–49 (D.Md.1997). In the instant case, until his filing as a *Hyatt* plaintiff, Wright had not pursued his claim after its initial denial. While Wright did not originally exhaust his claim, the Supreme Court excused such failure for all similarly situated *Hyatt* plaintiffs in *Hyatt v. Bowen,* 476 U.S. 1167, 106 S.Ct. 2886, 90 L.Ed.2d 974 (1986). That Court found that such excuse was justified in light of the fact that the Secretary of the Department of Health and Human Services actively hid from applicants the agency's policy of nonacquiescence with the Fourth Circuit's rulings on the consideration of pain. The import of this case is that *Hyatt* plaintiffs' claims are to be considered "finally adjudicated" as of 1983. The alternative, rewarding the agency for hiding its refusal to comply with law, was found unacceptable in *Hyatt v. Bowen.* Because Wright, as a *Hyatt* plaintiff, both applied for benefits and received final adjudication before 1996, section 105 of P.L. 104–121 is inapplicable to his case.

## CONCLUSION

For the reasons given above, Plaintiff, as a *Hyatt* plaintiff, is entitled to have his application reconsidered under the law in effect at the time his application was first denied. Therefore, Plaintiff's alcoholism-related pain and ailments must be considered in the ALJ's evaluation of disability. The Court accordingly REMANDS this case to the Social Security Administration in order to determine whether Plaintiff was in fact able to perform medium work between 1983 and 1989.

SO ORDERED.