748 F.2d 217
 7 Soc.Sec.Rep.Ser. 249, Medicare&Medicaid Gu 34,242
Eula B. STARNES, Johnnie Kaye Lloyd, Nettie E. Clarkson,
Jayne E. Dunlap, individually and on behalf of others
similarly situated; Julian Adams, M.D., Fred H. Allen, Jr.,
M.D., William H. Stuart, M.D., Rhett O. Talbert, M.D.,
Atlanta Neurological Clinic, P.C., C.T. Scanlab and Trident
Neuroimaging Laboratory, individually and on behalf of
others similarly situated, Appellees,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant,
and
Prudential Insurance Company of America and Blue Cross and
Blue Shield of South Carolina, Inc., individually
and on behalf of others similarly
situated, Defendants.
 No. 82-1543.
 United States Court of Appeals,
Fourth Circuit.
 Submitted July 10, 1984.
Decided Nov. 13, 1984.
 
 Leslie L. Clune, Dept. of Health & Human Services, Washington, D.C. (J. Paul McGrath, Asst. Atty. Gen., Washington, D.C., Henry Dargan McMaster, U.S. Atty., Columbia, S.C., Juan A. del Real, Gen. Counsel, Lynne K. Zusman, Deputy Gen. Counsel, Litigation, Washington, D.C., on brief), for appellant.
 John H. Parker, Jr., Atlanta, Ga. (J. Marbury Rainer, Parker, Hudson & Rainer, Atlanta, Ga., Alexander M. Sanders, Jr., Sanders & Quackenbush, Columbia, S.C., on brief), for appellees.
 Before WINTER, Chief Judge, PHILLIPS, Circuit Judge, and MERHIGE, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 The Supreme Court of the United States vacated our judgment in Starnes v. Schweiker, 715 F.2d 134 (4 Cir.1983) and remanded the case for further consideration in light of Heckler v. Ringer, 466 U.S. ----, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). See Heckler v. Starnes, --- U.S. ----, 104 S.Ct. 2673, 81 L.Ed.2d 870 (June 4, 1984). We conclude that in the light of Ringer the judgment of the district court must be reversed.
 
 
 2
 In the instant case the district court preliminarily enjoined the Secretary of Health and Human Services from implementing nationwide or regional caps on reimbursement under Part B of the Medicare Program for computerized tomography ("CT") scans until the Secretary had complied with the Administrative Procedure Act. It ruled that it had jurisdiction to grant such relief and that plaintiffs had made a prima facie showing that the caps were promulgated in violation of the rulemaking requirements of the Administrative Procedure Act. It reserved its judgment on the substantive and constitutional challenges to the validity of the caps.
 
 
 3
 In review of the jurisdictional question, we concluded that the district court had jurisdiction either under 28 U.S.C. Sec. 1331 or under the mandamus statute, 28 U.S.C. Sec. 1361. We recognized that United States v. Erika, 456 U.S. 201, 102 S.Ct. 1650, 72 L.Ed.2d 12 (1982), held that judicial review of Part B benefit amount determinations was barred by 42 U.S.C. Sec. 1395ff, but we did not read Erika to construe Sec. 1395ff to bar judicial review of the Secretary's administration of the Part B program, as distinguished from the correctness of benefit determinations thereunder.
 
 
 4
 Ringer establishes that we misread Erika. Ringer decides that Starnes' contention that there were procedural irregularities in the promulgation of the caps are so inextricably intertwined with a claim for benefits that any judicial review is barred by 42 U.S.C. Sec. 1395ff. See Ringer, 466 U.S. at ---- n. 4, and ----, 104 S.Ct. at 2018 n. 4, and 2021. It follows that the district court lacked jurisdiction under 28 U.S.C. Secs. 1331 and 1361, and that the district court must dismiss the action for lack of subject matter jurisdiction.
 
 
 5
 REVERSED.