757 F.2d 1455
 9 Soc.Sec.Rep.Ser. 155, Unempl.Ins.Rep. CCH 16,002
Patrick H. HYATT; Herman O. Caudle and Mary P. Lovingood,
on behalf of themselves and all others similarly situated,
North Carolina Department of Human Resources, Disability
Determination Services, Appellees,
v.
Margaret M. HECKLER, or her successor in office, Secretary
of the United States Department of Health and
Human Services, Appellant.
Patrick H. HYATT; Herman O. Caudle and Mary P. Lovingood,
on behalf of themselves and all others similarly situated,
North Carolina Department of Human Resources, Disability
Determination Services, Appellees,
v.
Margaret M. HECKLER, or her successor in office, Secretary
of the United States Department of Health and
Human Services, Appellant.
 Nos. 84-1381 and 84-1695.
 United States Court of Appeals,
Fourth Circuit.
 No. 84-1381 Argued June 7, 1984.
No. 84-1695 Submitted Aug. 9, 1984.
Decided March 20, 1985.
Rehearing and Rehearing In banc Denied April 23, 1985.
 
 Howard S. Scher, Atty., Appellate Staff, Civ. Div., U.S. Dept. of Justice, Washington, D.C. (Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Charles R. Brewer, U.S. Atty., Asheville, N.C., William Kanter and Deborah R. Kant, Attys., Appellate Staff, Civ. Div., U.S. Dept. of Justice, Washington, D.C., on brief), for appellants.
 John R. Wester, Charlotte, N.C. (Dan T. Coenan, Robert M. Bryan, Herman Spence, III, Fleming, Robinson, Bradshaw & Hinson, P.A.; Jane Harper, Legal Services of Southern Piedmont, Inc., Charlotte, N.C., on brief), for appellees in No. 84-1381. John R. Wester, Dan T. Coenan, Robert M. Bryan, Fleming, Robinson, Bradshaw & Hinson, P.A.; Charles McBrayer Sasser, Legal Services of Southern Piedmont, Inc., Charlotte, on brief, for appellees in No. 84-1695. Jeffrey L. Bishop, Charlotte, N.C. (Casey, Bishop, Alexander & Murphy, P.A., Charlotte, N.C., on brief), for intervenor.
 Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 The Secretary of Health and Human Services appeals from the district court's order enjoining the Secretary to cease her policy of not following the decisional law of this circuit regarding the initiation and termination of disability benefits. The Secretary also assigns error to the district court's certification of a class whose claims are to be reopened and readjudicated in accordance with the standards laid down by this circuit.[1] In a related appeal, the Secretary questions the award of attorneys' fees. 586 F.Supp. 1154.
 
 
 2
 After the parties argued this appeal, Congress enacted the Social Security Disability Benefits Reform Act of 1984, which became effective October 9, 1984.[2] The parties' supplemental briefs disclose that many of the issues raised on appeal have been affected significantly by the new legislation. Furthermore, Heckler v. Day, --- U.S. ----, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), and Heckler v. Ringer, --- U.S. ----, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), which were decided after entry of the district court's order, provide controlling precedent for aspects of this litigation. The 1984 Act and the recent Supreme Court opinions require us to vacate the district court's judgment and remand the case.
 
 I. Terminated Benefits
 
 3
 The district court directed the Secretary to adjudicate the termination of benefits in accordance with circuit precedent.[3] It certified subclasses of North Carolina residents who were entitled to this relief.
 
 
 4
 We conclude that the 1984 Act controls the claims of all members of the subclasses who assert that their benefits have been terminated unlawfully. Section 2 of the 1984 Act deals with the issue of medical improvement and prescribes the standard of review for the termination of disability benefits. These standards are broad enough to encompass all impairments or combination of impairments, whether physical or mental, that provided the basis for the initial award of benefits.
 
 
 5
 Section 2(d) of the Act deals with class actions relating to medical improvement pending, as this one was, on September 19, 1984, for judicial review of the termination of benefits. This section provides that the claims of named class members are to be remanded to the Secretary for adjudication in accordance with the provisions of the Act. Also, the claims of unnamed class members are to be remanded to the Secretary, who is directed to notify them of their right to request administrative review.
 
 
 6
 The government protests that some subclass members whose benefits were terminated are not entitled to a remand because they have not satisfied the requirements of section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g). This attack on the district court's certification order, however, does not survive the enactment of the 1984 legislation. By directing remand of cases pending September 19, 1984, the Act created an exception to the normal exhaustion requirements for actions, such as this, relating to medical improvement. The import of this provision was explained by Senator Dole:
 
 
 7
 The effective date provision does, however, permit all class members of certified class actions to seek review of their cases under the medical improvement standard established by this act, even where they may not have pursued their appeal rights in accordance with section 205 and the Secretary's regulations.
 
 
 8
 130 Cong.Rec. S11454 (daily ed. Sept. 19, 1984).
 
 
 9
 Members of one of the subclasses, whose benefits are subject to termination, insist that they are entitled to have claims involving pain evaluated by the Secretary on remand according to this circuit's case law.[4] This contention is foreclosed by section 3(a) of the 1984 Act which prescribes an interim statutory standard for the evaluation of pain in all determinations made prior to January 1, 1987. Because their cases were pending when the 1984 legislation was enacted, the new statutory standard is applicable to their claims. See Bradley v. Richmond School Board, 416 U.S. 696, 711-16, 94 S.Ct. 2006, 2016-18, 40 L.Ed.2d 476 (1974); United States v. Schooner Peggy, 5 U.S. (1 Cranch) 102, 110, 2 L.Ed. 49 (1801). Contrary to the claimants' contention, they have no vested constitutional right to have their claims evaluated by standards that were in effect prior to the 1984 Act. See Richardson v. Belcher, 404 U.S. 78, 80-81, 92 S.Ct. 254, 256-57, 30 L.Ed.2d 231 (1971).
 
 
 10
 Another subclass included claimants whose benefits were terminated because the Secretary did not follow this circuit's precedent for evaluating hypertension or diabetes mellitus.[5] The district court, concluding that this policy of nonacquiescence was unlawful, required the Secretary to follow circuit precedent with regard to these impairments.
 
 
 11
 Congress is aware of the Secretary's policy of nonacquiescence. As proposed by the House, the 1984 Act would have required the Secretary to acquiesce or petition for certiorari. The Senate bill would have required the Secretary to report her decisions of nonacquiescence to the Congress and to print her explanation in the Federal Register.[6]
 
 
 12
 The conferees deleted both the House and the Senate provisions, but they did not intend that deletion should be interpreted as approval of nonacquiescence. On the contrary, they noted that questions had been raised concerning the constitutionality of nonacquiescence, as well as the application of the policy, even if constitutional. "By refusing to apply circuit court interpretations and by not promptly seeking review by the Supreme Court, the Secretary forces beneficiaries to re-litigate the same issue over and over again in the circuit, at substantial expense to both beneficiaries and the federal government. This is clearly an undesirable consequence." Conference Report at 38, U.S.Code Cong. & Admin.News 1984, p. 3096, 130 Cong.Rec. at H9831. The conferees reaffirmed that Congress intended the Secretary to resolve policy conflicts promptly to assure uniform administration of the program. This objective, they pointed out, may be achieved by diligently pursuing appeals or by seeking a legislative remedy.[7] The conferees urged "that a policy of non-acquiescence be followed only in situations where the Administration has initiated or has the reasonable expectation and intention of initiating the steps necessary to receive a review of the issue in the Supreme Court." Conference Report at 37, U.S.Code Cong. & Admin.News 1984, p. 3095, 130 Cong.Rec. at H.9831.
 
 
 13
 When the Conference Report is read in conjunction with Heckler v. Day, --- U.S. ----, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), it becomes apparent that the injunction must be vacated. In Day, the Court vacated an injunction entered in a class action requiring the Secretary to adjudicate all claims and pay benefits within specified times. The Court held that the injunction was "an unwarranted judicial intrusion into this pervasively regulated area...." 104 S.Ct. at 2258. Its opinion rested to a great extent on Congress's rejection of legislation imposing mandatory deadlines on disability reviews.
 
 
 14
 The controversy over nonacquiescence presents an analogous situation. The conferees deleted a provision of the House bill that would have required acquiescence in circuit precedent in the absence of appeal. See Conference Report at 37, 130 Cong.Rec. at H9831. Following the reasoning of Day, we cannot approve an injunction imposing the same restraints that Congress rejected.
 
 
 15
 Vacating the district court's injunction does not leave claimants without a remedy. In the unlikely event that the Secretary spurns the Conference Report, the district courts reviewing the Secretary's decision are bound to apply circuit precedent construing the Social Security Act. But this review would be long and wasteful to the claimant and the government. Both the district court and the conferees spoke forcefully to avoid the harm and extravagance of the policy of routine nonacquiescence. The Secretary should not deem vacation of the injunction as approval of the policy.
 
 
 16
 We decline the claimants' request that we instruct the district court to retain jurisdiction for review of the Secretary's orders on remand terminating disability. Section 2(d)(4) provides that the Secretary's decision of a remanded case shall be regarded as a new decision subject to review only in conformity with section 205 of the Social Security Act. Section 2(d)(5) prohibits certification of a class relating to medical improvement after September 19, 1984. These provisions persuade us that Congress intended that judicial review of remanded cases should not be the subject of a class action. Individual review provides an adequate remedy.
 
 
 17
 We direct the district court to remand to the Secretary the claims of the named plaintiffs and the unnamed class members designated in subclasses A(2) and B, except those whose claims have been mooted by award of benefits pendente lite. After remand to the Secretary, the district court should relinquish jurisdiction over the claims of the plaintiffs and unnamed class members.
 
 II. Initial Benefits
 
 18
 We find merit in the government's challenge to the district court's jurisdiction over some members of the subclasses composed of claimants for initial benefits. The 1984 Act did not provide initial claimants the same right of reconsideration that it granted claimants whose benefits were terminated. Initial claimants, therefore, must be limited to those who meet the requirements of section 205(g) of the Social Security Act, 42 U.S.C. Sec. 405(g). Califano v. Yamasaki, 442 U.S. 682, 698-701, 99 S.Ct. 2545, 2556-57, 61 L.Ed.2d 176 (1970).
 
 
 19
 Ordinarily section 405(g) requires exhaustion of administrative remedies before a claimant can seek judicial review. The Court has recognized an exception to this requirement for a claimant who has presented to the Secretary a claim that raises a legal issue wholly collateral to a claim for benefits and who has made a colorable showing that his injury cannot be remedied if exhaustion is required. Mathews v. Eldridge, 424 U.S. 319, 326-32, 96 S.Ct. 893, 898-901, 47 L.Ed.2d 18 (1976). The district court applied this exception to the general rule and held that exhaustion of remedies was not required.
 
 
 20
 In Heckler v. Ringer, --- U.S. ----, ----, 104 S.Ct. 2013, 2023, 80 L.Ed.2d 622 (1984), the Court held that a claim that the Secretary was applying an improper standard for entitlement was not wholly collateral to a claim for benefits. Consequently, exhaustion was required. Here, too, the claims that the Secretary has applied improper standards with respect to pain, diabetes, and hypertension are inextricably intertwined with claims for benefits within the meaning of the exhaustion requirement of section 405(g) as interpreted by the Supreme Court in Ringer. Consequently, exhaustion of administrative remedies is necessary for members of the subclasses composed of claimants of initial benefits.
 
 
 21
 Section 405(g) also requires a claimant to file an action for judicial review within 60 days after the Secretary's final decision. In this circuit, the 60-day requirement is considered to be jurisdictional, and unnamed class members are not exempt from compliance. Hunt v. Schweiker, 685 F.2d 121 (4th Cir.1982). We cannot accept the suggestion that we should overrule Hunt, for, as a panel of the court, we lack authority to do this.
 
 
 22
 On remand, we direct the district court to dismiss the initial claims for disability of class members who have not exhausted their administrative remedies or who have not sought timely judicial review of the Secretary's final decision. The district court should remand to the Secretary all initial claimants in subclasses A(1)(a) and (b) who have satisfied the requirements of section 405(g). Those who raise the issue of pain should be reconsidered by the Secretary in the light of the interim statutory pain standard of section 3(a) of the 1984 Act for the reasons we stated in Part I.
 
 
 23
 The Act does not address the diabetes and hypertension standards. Nevertheless, we will not assume that the Secretary will disregard the views expressed in the Conference Report about the Secretary's policy of nonacquiescence in circuit law. The Secretary should have an opportunity to reconsider these claims in light of circuit precedent and the legislative history of the 1984 Act. The claimants are entitled to a decision on this issue, so, if necessary, they can seek review on an unequivocal administrative record.
 
 
 24
 After remand, the district court should relinquish jurisdiction over the members of these subclasses for reasons mentioned in Part I. Section 405(g) provides an adequate procedure for judicial review of individual claims in each of the three districts of North Carolina where the claimants reside.
 
 III. Identification of Unnamed Class Members
 
 25
 The district court's order provided for identification of, and notice to, unnamed class members. Section 2(d) of the 1984 Act supersedes the district court's directions to the Secretary with respect to class members whose benefits were terminated.
 
 
 26
 The district court should amend its order and notice with respect to claimants for initial benefits by providing that the Secretary should identify and notify those members of subclasses A(1)(a) and (b) who have met the requirements of Sec. 405(g).
 
 IV. Mandamus
 
 27
 The appellees contend that the court had mandamus jurisdiction over the claims of all plaintiffs under 28 U.S.C. Sec. 1361. They argue that this independent ground obviates the need to satisfy the jurisdictional prerequisites of Sec. 405. In Heckler v. Ringer, 104 S.Ct. at 2022, the Court noted that mandamus would issue only to a plaintiff who had exhausted all other avenues of relief, and only if the defendant owed the plaintiff a clear nondiscretionary duty. The Court concluded that Sec. 405(g) provided an adequate remedy for challenges to the Secretary's denial of claims, including objections based on the Secretary's policies. For these reasons, we hold that mandamus is inappropriate. See also Starnes v. Schweiker, 748 F.2d 217 (4th Cir.1984).
 
 V. Intervention
 
 28
 The district court allowed the North Carolina Department of Human Resources, Disability Determination Services to intervene pursuant to Rule of Civil Procedure 24(b). The department's complaint challenges the Secretary's policy of nonacquiescence in Fourth Circuit precedent in the same areas as the class action. It seeks declaratory and injunctive relief prohibiting the Secretary from following this policy in North Carolina. The department claims standing to sue because of its role in administering the disability program and as parens patriae. The Secretary contends that the department lacks standing.
 
 
 29
 Ordinarily, rule 24(b) authorizes a district court to permit an agency to intervene in an action that involves a statute that it administers. But in this instance, which involves the standards the Secretary uses for determining disability benefits, sections 405(g) and 405(h) limit actions against the Secretary to an individual who seeks review of a final decision made after a hearing to which he was a party. In Lowther v. Montgomery County, 561 F.2d 1120 (4th Cir.1977), we held that neither a county nor an unincorporated association was an individual entitled to sue under Sec. 405(g). The department's function of determining disability does not distinguish its situation from the plaintiffs' in Lowther. A claim of standing analogous to the department's was rejected in D'Amico v. Schweiker, 698 F.2d 903 (7th Cir.1983). There administrative law judges who sought to challenge the Secretary's instruction pertaining to the repayment of Social Security benefits were denied standing to sue. The beneficiaries--not the adjudicators--are the proper parties to seek review under section 405(g). Lowther and D'Amico foreclose the department's standing in its own right.
 
 
 30
 The department also lacks standing to sue the federal government in its capacity as parens patriae. With respect to a citizen's rights in relation to the federal government, the United States--not the state--occupies the status of parens patriae. Massachusetts v. Mellon, 262 U.S. 447, 485-86, 67 L.Ed. 1078 (1923).
 
 
 31
 On remand, the district court should dismiss the department's complaint in intervention.
 
 VI. Attorneys' Fees
 
 32
 The Secretary has appealed the district court's order awarding attorneys' fees (No. 84-1695). We vacate the award and remand this issue to the district court for reconsideration in light of this opinion.
 
 VII. Summary
 
 33
 On remand, we direct the district court to take the following action:
 
 
 34
 1. Vacate its order of injunctive and declaratory relief, except as provided in paragraph 5 below.
 
 
 35
 2. Remand to the Secretary for reconsideration pursuant to the Social Security Disability Benefits Reform Act of 1984 the claims of named parties and unnamed members of subclasses A(2) and B whose benefits were terminated, except those who have been granted awards pendente lite.
 
 
 36
 3. Dismiss the claims of initial claimants in subclasses A(1)(a) and (b) who have not met the requirements of section Sec. 405(g).
 
 
 37
 4. Direct the Secretary to identify and notify claimants for initial benefits in subclasses A(1)(a) and (b), who meet the requirements of Sec. 405(g), in accordance with procedures and a notice prescribed by the district court.
 
 
 38
 5. Remand to the Secretary for reconsideration pursuant to the interim pain standard of section 3(a) of the 1984 Act the claims of initial claimants in subclass A(1)(b) who have met the requirements of section 405(g).
 
 
 39
 6. Remand to the Secretary for reconsideration of her policy of nonacquiescence in light of the 1984 Act's legislative history and circuit precedent the claims of initial claimants in subclass A(1)(a) who have met the requirements of Sec. 405(g).
 
 
 40
 7. After remand, relinquish jurisdiction of all remanded claims and dismiss the claimants without prejudice to their right to seek timely review of the final decisions of the Secretary on remand in their respective judicial district pursuant to Sec. 405(g).
 
 
 41
 8. Dismiss the complaint in intervention of the North Carolina Department of Human Resources, Disability Determination Services.
 
 
 42
 9. Reconsider the award of attorneys' fees in light of this opinion.
 
 
 43
 The judgments in 84-1381 and 84-1695 are vacated, and the cases are remanded. Each party shall bear its own costs.
 
 
 
 [1]
 The district court's opinion is reported as Hyatt v. Heckler, 579 F.Supp. 985 (W.D.N.C.1984). The district court subsequently revised the published draft of the certification order. The revised subclasses are: initial claimants who allege disability from diabetes or hypertension, A(1)(a), or pain, A(1)(b); claimants whose benefits were terminated, A(2) and B
 
 
 [2]
 Pub.L. No. 98-460, 98 Stat. 1794 (1984)
 
 
 [3]
 See Dotson v. Schweiker, 719 F.2d 80 (4th Cir.1983); Myers v. Califano, 611 F.2d 980 (4th Cir.1980); Martin v. Secretary, 492 F.2d 905 (4th Cir.1974)
 
 
 [4]
 See Myers v. Califano, 611 F.2d 980 (4th Cir.1980)
 
 
 [5]
 See Martin v. Secretary, 492 F.2d 905 (4th Cir.1974)
 
 
 [6]
 See H.R.Rep. No. 1039, 98th Cong., 2d Sess. 36-38, U.S.Code Cong. & Admin.News 1984, p. 3038, reprinted in 130 Cong.Rec. H9831 (daily ed. Sept. 19, 1984) (hereinafter cited as Conference Report)
 
 
 [7]
 Also, section 10 of the Act directs the Secretary to establish pursuant to the Administrative Procedure Act uniform standards for determining disability