Patrick H. HYATT, Herman O. Caudle and Mary P. Lovingood, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Louis SULLIVAN, Secretary of the United States Department of Health and Human Services, Defendant.

No. C–C–83–655–M.

United States District Court,
W.D. North Carolina.

March 22, 1989.

Charles M. Sasser, Legal Services of Southern Piedmont, Inc., John Wester, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C., for plaintiffs.

A. George Lowe, Office of Gen. Counsel, Dept. of H.H.S., Baltimore, Md., and Jeffrey L. Bishop, Charlotte, N.C., for Dept. of N.C. Human Resources.

## ORDER

McMILLAN, District Judge.

The court has received plaintiffs' fourth and fifth motions for attorneys' fees. The fourth fee motion, filed November 30, 1987, covers the services of plaintiffs' counsel for the period July 26, 1985, through November 10, 1987. The fifth motion, filed July 13, 1988, brings forward the petition for counsel fees from November 11, 1987, to June 17, 1988. This court's rulings on previous motions for attorneys' fees are reported in 586 F.Supp. 1154 (W.D.N.C.1983), *vacated and remanded,* 757 F.2d 1455 (4th Cir.1985) and in 618 F.Supp. 227 (W.D.N.C. 1985).

Counsel seek a discretionary award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b) (Supp. IV 1986). Section 2412(b) provides for award of attorneys' fees at the market rate, if a finding is made that defendant acted in bad faith. Alternatively, counsel seek a mandatory award of fees under 28 U.S.C. § 2412(d) (Supp. IV 1986) at the statutory rate, adjusted upward for increases in the cost of living and for special factors, such as the limited availability of attorneys with the special expertise of plaintiffs' counsel.

The Secretary poses a number of objections to the plaintiffs' petitions. First, the Secretary says that an award of fees and expenses under 28 U.S.C. § 2412(b) is improper because the facts of the case do not bear out the plaintiffs' contention of "bad faith" prosecution by the Secretary. Sec-

ond, the Secretary says that the court may not award a fee for the entire period requested by the plaintiffs because the "special circumstances" of the case, referred to in 28 U.S.C. § 2412(d), make such an award unjust. Third, the Secretary maintains that the fees and expenses requested by the plaintiffs are excessive, in that the itemized hours and expenses, set forth by the plaintiffs, and the hourly rates sought are unreasonably large.

The court has reviewed the motions, defendants' opposition to the motions, plaintiffs' memorandum in support of their motions, the numerous affidavits submitted in support of the motions, and the previous rulings issued.

Plaintiffs are entitled to fees and expenses under 28 U.S.C. § 2412(b), for the same reasons set forth by the court in the order granting the first motion for attorneys' fees. *See Hyatt v. Heckler,* 586 F.Supp. 1154, 1155–56 (W.D.N.C.1984).

The Secretary contends in his opposition to the plaintiffs' fourth and fifth motions for attorneys' fees that because this court "ultimately awarded fees *only pursuant to 28 U.S.C. § 2412(d)* in the previous orders granting attorneys' fees, the court has by implication found that the government's conduct did not approach 'bad faith.'"

The Secretary's facts are wrong. The *ultimate* order awarding previous attorneys' fees *did not even address* the issue of an award under 28 U.S.C. § 2412(b) because *the initial petition did not request such an award.*

In the *earlier* order in which the court awarded attorneys' fees, the issue *was* directly addressed and the court found:

> The United States has acted in bad faith, vexatiously and wantonly in this action ... and those actions justify an award of fees.... The government's position in this case is neither 'substantially justified' nor 'reasonable.' To the contrary, the Secretary's position is not even marginally justifiable, and it may fairly be characterized as outrageous, at best, both before this case was filed and during the course of this suit.... Based on

the bad faith shown by the United States in this case, plaintiffs are entitled to recover under either 2412(b) or 2412(d). Since plaintiffs' petition is based on § 2412(d), however, the court will calculate fees on that basis.

586 F.Supp. at 1155–56. The contention of the Secretary that the court has ever said or implied that the government's conduct "did not *approach* 'bad faith'" (emphasis added) is unfounded and, at best, irresponsible.

The Secretary also argues that the court should deny at least part of the EAJA fees under the "special circumstances" exception set forth in 28 U.S.C. § 2412(d)(1)(A). Under that section, a court is to award fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." The Secretary points to the Supreme Court's ruling in *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed. 2d 462 (1986) and to the Congressional changes in some Social Security Act provisions as special circumstances that would make an award unjust. The court finds that these circumstances were neither special nor unusual and do not support a denial of any part of the attorneys' fees award requested.

Finally, the Secretary contends that the number of billed hours is excessive and should be reduced. The court has reviewed the affidavits submitted in support of the hours claimed, as well as the response of plaintiffs to defendant's first set of interrogatories and request for production of documents. The number of billed hours is not excessive.

## INITIAL ESTIMATE OF THE VARIOUS REASONABLE ATTORNEYS' FEES AWARDS

Plaintiffs are entitled to recover "reasonable fees and expenses of attorneys" under 28 U.S.C. § 2412(b). Fee awards made under this section are not subject to the $75 hourly rate ceiling imposed by § 2412(d). *See Action of Smok-*

*ing and Health v. Civil Aeronautics Board,* 724 F.2d 211, 217 & n. 26 (D.C.Cir. 1984). Reasonable fees are calculated "according to the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Plaintiffs have submitted with their fifth motion for fees the affidavit of Frances M. Pinckney, a former president of the Mecklenburg County Bar, a Governor of the North Carolina Bar Association, and an experienced trial attorney in this community. Mr. Pinckney states that the reasonable fee rates for attorneys and paralegals in this community are as follows:

1. Attorney with five (5) or more years of experience in federal litigation—$140–160 per hour;

2. Attorney licensed for two years with two years of experience as a clerk to federal judgse—$100 per hour;

3. Attorney licensed for one year with one year's experience as a clerk to a federal judge—$85 per hour;

4. Law clerks and litigation paralegals —$50 per hour.

Three of the attorneys to whom fees are due (Coenen, Sasser and Wester) have more than five years of experience in federal litigation. One of the attorneys (Hauptfuhrer) has been licensed for two years with two years experience as a clerk to federal judges. The two remaining attorneys (Ratteree and Bebber) have been licensed for at least one year.

In addition to considering the reasonable market rates, the court will consider the factors set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (5th Cir. 1974), in ascertaining the reasonable hourly rate and the reasonable number of hours billed applicable to the services rendered.

1. *The time and labor required*—Plaintiffs show that, from July 26, 1985, through June 17, 1988, they have expended a combined total of 2,020.95 hours of attorney time and 805.85 hours of paralegal and law clerk time. This is a reasonable claim for three years of work on this large and complex litigation involving a recalcitrant opponent. Plaintiffs have made judicious use of paralegals and law clerks for tasks not requiring the attention of an attorney, thus significantly reducing potential expenses. The efforts of six attorneys do not appear to have been duplicative.

2. *The novelty and difficulty of the questions*—At this stage in the case, the questions involved do not seem particularly novel. The sheer complexity of the Social Security system and its regulations renders many of the questions raised difficult. The hours expended by counsel are proportionate to the complexity of the case.

3. *The skill requisite to perform the legal service properly*—As the court stated in its earlier rulings concerning attorney fees, each of the plaintiffs' attorneys has displayed great skill in this case. They have substantial expertise in the field which was the subject matter of this lawsuit. This, of course, is particularly true of attorneys Wester, Coenen and Sasser, who have been involved in this litigation for several years. All are highly able attorneys who have done an outstanding and highly professional job of representing the class.

4. *The preclusion of other employment by the attorney due to acceptance of the case*—The court is not aware that this case precluded the attorneys from accepting other employment due to any conflicts of interest. The case, of course, precluded the attorneys from accepting other business to the extent that their time was taken up with this matter. This is not usually a significant factor, given that an attorney cannot do more work than he has time in which to do it regardless of the type of work. However, the attorneys involved in this case who are employed by private law firms are giving up time that could be dedicated to clients who would prove to be more lucrative to the firm over time than will this class of social security claimants. Private firms that allow and even encourage attorneys to spend time on cases such as this instead of on cases more likely to develop the client base of the firm should be encouraged, by adequate fees, and not

**836**

penalized by the courts in the form of less than reasonable attorneys' fees awards.

In this particular case, a number of the attorneys and staff who worked on this case have never expected to be compensated. Those people, members of the law firm of Robinson, Bradshaw & Hinson, P.A., offered their services to plaintiffs as co-counsel with Legal Services of Southern Piedmont, Inc., through the Volunteer Lawyers Program (VLP) of the Mecklenburg County Bar. The Volunteer Lawyers Program, from its inception, has had a policy that participating *pro bono* attorneys should seek the award of fees where appropriate in VLP cases, but that any fees awarded by a court should accrue directly to the VLP for utilization by the Program for further provision of free legal services to eligible residents of Mecklenburg County. The court concludes, therefore, that this factor should have no effect on the award.

5. *Time limitations imposed by the client or the circumstances*—The circumstances of this case create pressure on the attorneys to act quickly. The benefits withheld from the plaintiffs are of great and immediate importance in their lives.

6. *The experience, reputation and ability of the attorneys*—These characteristics of counsel were, and continue to be, excellent.

7. *The undesireability of the case within the legal community*—This factor should have no effect on the award.

8. *Nature and length of the professional relationship*—This factor does not affect the award.

9. *The amount involved and the results obtained*—Plaintiffs have been highly successful in this litigation. Thousands of class members will be favorably affected and thousands more will benefit from the relief obtained prospectively. No factual analysis has been done of the number of people involved or the amount of money involved in this issue in the nation at large; but, based on incomplete data, it is already possible to make a conservative estimate that the amount in question, *in North Carolina alone*, for a class estimated to have

80,000 members in North Carolina, may be *several hundred million dollars* a year. This union has fifty states, and the population of North Carolina is about average.

The above factors support a determination that the applicable hourly rate, *i.e.*, in this case the market rate, should be awarded. No factor indicates that the work involved in this case would command less than the market rates set forth in the affidavit of Frances M. Pinckney.

The affidavits submitted demonstrate that the following hours were spent on this case:

| Attorneys | Hours |
|---|---|
| Wester | 246.60 |
| Coenen | 399.80 |
| Ratteree | 46.10 |
| Sasser | 1,288.80 |
| Bebber | 14.25 |
| Hauptfuhrer | 25.40 |

| Paralegals & Law Clerks | |
|---|---|
| Adams | 397.50 |
| Earls–Cahoon | 312.75 |
| Vorhoff | 58.70 |
| Mosier | 24.80 |
| Robertson | 12.10 |

Based on all of the above factors, the court is of the opinion that the attorneys and staff should be compensated at the market rate for their services as follows:

| Attorneys | Hourly Rate |
|---|---|
| Wester, Coenen, Sasser | $140.00 |
| Hauptfuhrer | 85.00 |
| Ratteree, Bebber | 75.00 |

| Paralegals & Law Clerks | |
|---|---|
| Adams, Earls–Cahoon, Vorhoff, Mosier, Robertson | 40.00 |

The court is of the opinion that a fee of $315,083.35 for plaintiffs' counsel is reasonable and should be paid.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. That the reasonable value of the services rendered by plaintiffs' counsel which are properly taxed under the Equal Access to Justice Act, 28 U.S.C. § 2412(b) is at least $315,083.35.

2. That the sum of $315,083.35 shall be paid to Legal Services of Southern Pied-

mont, Inc. by the United States, as their full counsel fee for representing plaintiffs in this civil action from July 26, 1985, to June 17, 1988.

3. That defendant shall also pay to Legal Services of Southern Piedmont, Inc. the plaintiffs' expenses and costs of $28,568.86.

IT IS SO ORDERED.