6 F.3d 250
 42 Soc.Sec.Rep.Ser. 354, Unempl.Ins.Rep. CCH 17513A
Patrick H. HYATT; Herman O. Caudle; Mary P. Lovingood, on
behalf of themselves and all others similarly
situated; North Carolina Department of
Human Resources # 14,
Plaintiffs-Appellees,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellant.
 No. 89-2718.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 7, 1991.
Decided Oct. 4, 1993.
 
 Howard Stanley Scher, Civ. Div., United States Department of Justice, Washington, DC, argued (Stuart M. Gerson, Asst. Atty. Gen., William Kanter, Civil Div., U.S. Dept. of Justice, Washington, DC; Thomas J. Ashcraft, U.S. Atty., Charlotte, NC; Donald A. Gonya, Chief Counsel for Social Security Litigation, Randolph W. Gaines, Deputy Chief Counsel for Social Security, A. George Lowe, Deputy Chief Counsel for Disability Litigation, Donna J. Fuchsluger, Office of the General Counsel, Social Security Div., Dept. of Health and Human Services, Baltimore, MD, on the brief), for defendant-appellant.
 John Robbins Wester, Robinson, Bradshaw & Hinson, P.A., Charles McBrayer Sasser, Cox, Gage & Sasser, Charlotte, NC, argued (Dan T. Coenen, Robinson, Bradshaw & Hinson, P.A., on the brief), for plaintiffs-appellees.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 WIDENER, Circuit Judge:
 
 
 1
 Appellant, the Secretary of Health and Human Services, appeals the district court's order granting $315,083.35 in attorneys' fees and $28,568.86 in expenses to the appellees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(b). The issue is whether the district court erred in finding the Secretary acted in bad faith in defense of litigation initiated by the plaintiff-class, and whether the district court erred in the determination of the amount of fees granted. We affirm.Factual Background
 
 
 2
 This appeal arises out of an extensive and procedurally tortured eight-year class action suit. This aspect of the case was argued in March of 1991 and held in abeyance until September, 1992. Appellees (plaintiffs) are a group of applicants and recipients of disability benefits under Titles II and XVI of the Social Security Act. They originally brought suit in the Western District of North Carolina to enjoin the Secretary from disregarding this court's standard of pain in disability benefit petitions. Hyatt v. Heckler, 579 F.Supp. 985, 988 (W.D.N.C.1984). The district court granted the injunction, certified and enlarged the class, and ordered the Secretary to comply with Fourth Circuit law. Hyatt v. Heckler, 579 F.Supp. at 1002-1004. The district court also issued its first order under the Equal Access to Justice Act, awarding over $100,000 in attorneys' fees and expenses under 28 U.S.C. Sec. 2412(d) after finding the Secretary was not substantially justified in litigating this issue. At the instance of the plaintiffs, the district court issued an amended fee order finding the Secretary had also acted in bad faith in pursuing this litigation. It found that this allowed it an option to use either Sec. 2412(b) or (d) in its determination of fees. The district court chose to grant the fee award based on Sec. 2412(d) (lack of substantial justification) because that was the subsection on which the plaintiffs' original motion was based. Hyatt v. Heckler, 586 F.Supp. 1154, 1156 (W.D.N.C.1984).
 
 
 3
 The Secretary then appealed the merits and fee award to this court. We vacated the district court's decision and remanded, allowing the Secretary to reconsider his policy of non-acquiescence under the new standard for pain in light of the then-recently passed Social Security Disability Benefits Reform Act of 1984. Hyatt v. Heckler, 757 F.2d 1455, 1462 (4th Cir.1985) (Hyatt I ). We also directed the district court to dismiss all of the initial claimants who did not comply with 42 U.S.C. Sec. 405(g) of the Social Security Act. Hyatt I, 757 F.2d at 1462. Because exhaustion and timely seeking judicial review were jurisdictional in this circuit, we held the district court should not have enlarged the class to include claimants who had not exhausted their administrative remedies or sought judicial review within sixty days after final agency denial of their claims. Hyatt I, 757 F.2d at 1460-61. We also vacated the district court's fee award to reconsider it in light of our opinion. Hyatt I, 757 F.2d at 1462.
 
 
 4
 On remand and reconsideration by the district court, plaintiffs filed two more motions for attorneys' fees (their second and third motions). They again asserted that the Secretary had acted in bad faith during this litigation and sought fees under Sec. 2412(b), or, in the alternative, under Sec. 2412(d). Upon reconsideration of the attorneys' fee issue, the district court concluded that the plaintiffs were entitled to $197,051.90 in fees under Sec. 2412(d) for all three motions. The district court, however, reduced the award by five percent in light of the validity of the Secretary's litigating the Sec. 405(g) jurisdictional issues decided in the Secretary's favor by this courts' opinion in Hyatt I. Hyatt v. Heckler, 618 F.Supp. 227, 233 (W.D.N.C.1985).
 
 
 5
 Plaintiffs also sought review of our decision on the class enlargement issue in Hyatt I by petitioning for a writ of certiorari to the Supreme Court. That writ was granted. The Supreme Court vacated our decision and remanded to us to reconsider the merits of the class enlargement issue in light of Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Hyatt v. Bowen, 476 U.S. 1167, 106 S.Ct. 2886, 90 L.Ed.2d 974 (1986).
 
 
 6
 On remand from the Supreme Court, we affirmed the district court's original decision that enlarged the class.[1] Hyatt v. Heckler, 807 F.2d 376 (4th Cir.1986), cert. denied, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987) (Hyatt II ). We held that under the Supreme Court's standard in City of New York, the district court had correctly allowed an enlargement of the class and an equitable tolling of the 60-day requirement without requiring an exhaustion of administrative remedies. Hyatt II, 807 F.2d at 378-80. We also affirmed the district court's grant of attorneys' fees to the plaintiffs as the prevailing party under 28 U.S.C. Sec. 2412(d) and reinstated the five percent amount the district court had deducted on its reconsideration. Hyatt II, 807 F.2d at 382-83. Furthermore, we directed the district court to award an additional fee for counsel's appellate services. Hyatt II, 807 F.2d at 383. So, the first, second and third motions for attorneys' fees have been disposed of and are not a part of this appeal.
 
 
 7
 Following our decision in Hyatt II, the Secretary requested a rehearing en banc. That motion was denied on February 12, 1987. On May 22, 1987 the Secretary filed a petition for a writ of certiorari to review our affirmance of the enlargement of the class in Hyatt II. The petition for certiorari of the Secretary was denied on October 5, 1987. Bowen v. Hyatt, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987).
 
 
 8
 The case returned to the district court. On December 10, 1987, consistent with our opinion in Hyatt II, the district court ordered the Secretary to reevaluate the claims of the now-enlarged class under the Fourth Circuit standard on disabling pain. Hyatt v. Bowen, 118 F.R.D. 572, 573 (W.D.N.C.1987). This, however, was not the end of the matter. On August 8, 1988, the plaintiffs again moved the district court for an order against the Secretary, this time to enforce the district courts' original order requiring the Secretary to abide by the Fourth Circuit standard on pain. Hyatt v. Heckler, 711 F.Supp. 837, 839 (W.D.N.C.1989). Both sides again briefed the issue, with the district court concluding that "[i]t is regrettably obvious that the Secretary has continued to refuse to take those measures necessary to assure that, in the Hyatt reviews, the law of this circuit will apply with full force and effect." Hyatt v. Heckler, 711 F.Supp. at 840. On March 31, 1989, the district court drafted a Social Security Ruling on the pain standard and ordered it distributed to the Secretary's adjudicators in North Carolina. Hyatt v. Heckler, 711 F.Supp. at 844-48.
 
 
 9
 During this time the plaintiffs filed two more motions for attorneys' fees under Secs. 2412(b) and (d) (fourth and fifth motions). The fourth motion covered, generally, the period from May 25, 1985 through November 29, 1987.[2] The fifth motion covered the period of November 11, 1987 through June 17, 1988.[3] The district court entered its order on March 22, 1989, granting the plaintiffs their fourth and fifth motions for fee awards. On this occasion, the district court found the Secretary had acted, in persisting to litigate the disability standard, in bad faith and awarded plaintiffs, after calculations using market rate, $315,083.35 in attorneys' fees and $28,569.86 in expenses under Sec. 2412(b). Hyatt v. Sullivan, 711 F.Supp. 833, 834-36 (W.D.N.C.1989).
 
 
 10
 The Secretary appealed both the order of March 31, 1989 on the substantive issues, and the March 22, 1989 order awarding attorneys' fees. In a separate opinion, we affirmed the district court's substantive orders requiring the Secretary to comply with the Fourth Circuit law on pain. Hyatt v. Sullivan, 899 F.2d 329 (4th Cir.1990) (Hyatt III ). Though a small part of the district court's decision was vacated and amended, this court affirmed it in the main, finding continued non-acquiescence by the Secretary in resistance to controlling circuit precedent. Hyatt III, 899 F.2d at 335-37.
 
 
 11
 The remaining order of March 22, 1989 granting appellees attorneys' fees for their fourth and fifth motions is the subject of this appeal.
 
 
 12
 There are two distinct methods for a district court to award attorneys' fees under the Equal Access to Justice Act. 28 U.S.C. Sec. 2412(d)(1)(A) requires the court to grant attorneys' fees to a prevailing party against the government, unless there are special circumstances that make the award unjust, or the court finds the United States was substantially justified in its legal position.[4] See also Thompson v. Sullivan, 980 F.2d 280 (4th Cir.1992) (finding the Secretary not substantially justified in continuing to litigate a position contrary to the Fourth Circuit's standard of pain). Sec. 2412(b), on the other hand, allows the district court to award fees "to the same extent that any other party would be liable under the common law."[5] The common law allows awards of attorneys' fees in only a few exceptional cases, such as when the losing party has wilfully disobeyed a court order or has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 257-60, 95 S.Ct. 1612, 1621-23, 44 L.Ed.2d 141 (1975).
 
 
 13
 The distinction between these two subsections is of considerable consequence in the calculation of amount of fees. Section 2412(d)(2)(A) imposes a $75.00 per hour cap on any award granted, unless it is adjusted for a special factor or the cost of living. Under Sec. 2412(b), however, the district court may use a market rate to determine hourly attorneys' fees after weighing a variety of factors under its discretion. Sullivan v. Sullivan, 958 F.2d 574, 577 & n. 8 (4th Cir.1992). This latter section allows for fees that can greatly exceed the cap placed on a Sec. 2412(d) award. In plaintiffs' first three fee motions, the district court granted attorneys' fees under Sec. 2412(d)(1)(A). Hyatt v. Heckler, 586 F.Supp. at 1155-56. The district court found the Secretary was not substantially justified in litigating this matter and made fee determinations starting with the $75 statutory cap. Hyatt v. Heckler, 586 F.Supp. at 1155-56. During these determinations, the court also found the Secretary acted in bad faith but chose not to grant fees under the common law exception because plaintiffs had not asked for fees under Sec. 2412(b). Hyatt v. Heckler, 586 F.Supp. at 1156. The grants of fees to plaintiffs pursuant to their first three fee motions under Sec. 2412(d)(1)(A) were later affirmed by this court. See Hyatt II, 807 F.2d at 381-83.
 
 
 14
 The district court's grant of fees to plaintiffs pursuant to their fourth and fifth motions is the issue before us now. In these motions, the plaintiffs explicitly asked for fees under the common law, pursuant to Sec. 2412(b ), asserting that the Secretary acted in bad faith. The district court granted those two motions, citing its earlier determination of bad faith and finding that determination to apply to the Secretary's continued conduct running throughout this litigation. Hyatt v. Sullivan, 711 F.Supp. at 834. After finding bad faith on the part of the Secretary under Sec. 2412(b), the district court awarded market rate for the grant of attorneys' fees.
 
 
 15
 A decision to award attorneys' fees under that statute is within the sound discretion of the district court. Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). We have noted, however in slightly different context, that the decision to award attorneys' fees is often an "amalgam--an exercise of discretion based upon express or implicit findings of fact and conclusions of law about the availability and scope of discretion." United Food & Commercial Workers v. Marval Poultry, 876 F.2d 346, at 351 (4th Cir.1989). In Marval Poultry we stated that review of the decision to award attorneys' fees may also be an amalgam, with different standards used based on the underlying claims of error, whether in factfinding or law. 876 F.2d at 351.
 
 
 16
 The Secretary's claim of error in the instant case is the district courts' finding of bad faith. Because determination of bad faith is a finding of fact underlying the district court's discretionary decision to award fees, we will review that finding under a clearly erroneous standard. See Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc., 872 F.2d 88, 93 (4th Cir.1989) (contempt citation). We note that other circuits agree with this standard for review of bad faith findings under Sec. 2412(b) fee awards. See American Hosp. Ass'n v. Sullivan, 938 F.2d 216, 221-222 (D.C.Cir.1991); Brown v. Sullivan, 916 F.2d 492, 495 (9th Cir.1990). When using the clearly erroneous standard, we affirm the district court's determination of bad faith unless, after a review of the record, we are "left with the definite and firm conviction that a mistake has been committed." Mallory v. Booth Refrigeration Supply Co., 882 F.2d 908, 909 (4th Cir.1989).
 
 
 17
 With that in mind, we turn to the district court's order. The district court's finding that the Secretary acted in bad faith is as follows:
 
 
 18
 Plaintiffs are entitled to fees and expenses under 28 U.S.C. Sec. 2412(b), for the same reasons set forth by the court in the order granting the first motion for attorneys' fees.
 
 
 19
 ....
 
 
 20
 In the earlier order in which the court awarded attorneys' fees, the issue was directly addressed and the court found:
 
 
 21
 The United States has acted in bad faith, vexatiously and wantonly in this action ... and those actions justify an award of fees.... The government's position in this case is neither "substantially justified" nor "reasonable." To the contrary, the Secretary's position is not even marginally justifiable, and it may fairly be characterized as outrageous, at best, both before this case was filed and during the course of this suit.... Based on the bad faith shown by the United States in this case, plaintiffs are entitled to recover under either 2412(b) or 2412(d). Since plaintiffs' petition is based on Sec. 2412(d), however, the court will calculate fees on that basis.
 
 
 22
 Hyatt v. Sullivan, 711 F.Supp. at 834 (emphasis in original). The district court, citing its original finding of bad faith, granted attorneys' fees based on the Secretary's conduct that continued throughout this litigation, i.e., the Secretary's repeated non-acquiescence to controlling circuit precedent.[6]
 
 
 23
 We also recognized the Secretary's continued non-acquiescence in the pain standard in this circuit. In Hyatt II we stated, "[t]he evidence did not reveal mere irregularities or errors in individual cases. Instead, it depicted a systematic, unpublished policy that denied benefits in disregard of the law." 807 F.2d at 381. In Hyatt III, we again recognized this continued policy of non-acquiescence by stating, "the district court's impression of the whole case is correct; the Secretary has not acquiesced in Fourth Circuit law on pain." 899 F.2d at 335. We went on to find in that case that the Secretary had demonstrated "little diminution in the continuation of [his system-wide, unrevealed policy]" even after our decision in Hyatt II. Hyatt III, 899 F.2d at 335.
 
 
 24
 Plainly, the history of this case shows that the Secretary continued to stand by his initial standard of pain in disability petitions, from the original decision by the district court to the final conclusion on the merits by this court in Hyatt III.[7] The record and history of this case reflect a refusal to comply with circuit precedent with respect to the pain standard and support the district court's finding of bad faith.
 
 
 25
 The Secretary makes the argument that during the time covered by plaintiffs' fourth and fifth fee motions he was not non-acquiescing, but was litigating novel and important legal issues. We found in Hyatt III, however, that although it was "arguable, perhaps even correct that the Secretary's insistence on the validity of SSR 82-58 was justifiable although two decisions of this court had found the same to be invalid," we further noted that the Secretary's position, at the most, was only valid before the denial of his petition for writ of certiorari. We concluded in Hyatt III that his adherence to this standard after that denial was not. Hyatt III, 899 F.2d at 335.
 
 
 26
 More convincingly, the Secretary argues that he was litigating a novel jurisdictional issue for the time covered by the fee motions. This jurisdictional issue,[8] the enlargement of the class by the district court, was originally decided in the Secretary's favor by this court in Hyatt I, 757 F.2d 1455. The Secretary then defended his position to the Supreme Court of the United States. It was only upon remand from the Supreme Court and our decision in Hyatt II that the law in this circuit changed on the jurisdictional issue. The Secretary was justified in litigating the issue on appeal because it was still one of first impression in this circuit.
 
 
 27
 Thus, it was still an arguable question whether the questions there presented, especially the waiver of exhaustion of administrative remedies and failure to seek review, applied to the instant case, even after we determined that it did in Hyatt II, 807 F.2d at 378-80. Not until the Supreme Court denied the Secretary's petition for a writ of certiorari on the jurisdictional issue did that issue become final. Bowen v. Hyatt, 484 U.S. 820, 108 S.Ct. 79, 98 L.Ed.2d 41 (1987). Until that time, the Secretary's litigation posture in respect to that discrete question alone was substantially justified, even though his position in the whole case was not. Hyatt II, 807 F.2d at 383; see also Commissioner INS v. Jean, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). So logic requires that that discrete issue was not litigated in bad faith prior to October 6, 1987.
 
 
 28
 But even that does not end our problem. The holding of the district court, which was a factual finding, was that the government had acted in bad faith. In Hyatt II we explicitly held that there was no substantial justification for the government's position on the primary issue on which the outcome of the case depended. At that time, we, of course, were quite aware that the jurisdictional and related questions had been litigated extensively and in part successfully by the government. The conditions with relation to the Secretary's continued resistance to the pain standard did not change from that time until the district court entered its order appealed from. Neither did the conditions change with relation to the jurisdictional and related issues until October 5, 1987 when the Supreme Court denied the government's petition for certiorari. As we previously related, following October 6, 1987, there was nothing of any consequence to litigate, and the Secretary's continued resistance lends support to the district court's finding of bad faith. Although the Secretary's litigation of the jurisdictional and related questions, taken as a discrete part of the case, until October 6, 1987, must be said to have been in good faith and with substantial justification, that is not enough to make clearly erroneous the district court's finding of fact that the government was not acting in good faith. We thus affirm the district court's finding in that respect.
 
 
 29
 Generally, we review the reasonableness of a district court's calculation of the amount of attorneys' fees under an abuse of discretion standard. Pierce v. Underwood, 487 U.S. 552, 571, 108 S.Ct. 2541, 2553, 101 L.Ed.2d 490 (1988); Marval Poultry, 876 F.2d 346, 350-51 (4th Cir.1989).
 
 
 30
 In this case, the district court discussed in detail the relevant factors set forth in Johnson v. Georgia Highway Express, 488 F.2d 714 (5th Cir.1974), and adopted by us in Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir.), cert. denied, 439 U.S. 934, 99 S.Ct. 329, 58 L.Ed.2d 330 (1978). We will not overturn a district court's determination of the amount and rate of attorneys' fees under these factors unless it is clearly wrong. Plyler v. Evatt, 902 F.2d 273, 278 (4th Cir.1990); McManama v. Lukhard, 616 F.2d 727, 729 (4th Cir.1980). We have examined the findings of the district court and all of the objections of the Secretary in her brief, and we cannot say the district court's findings were clearly wrong. Its findings are affirmed.
 
 
 31
 Moreover, it was allowable for the district court to use the market rate for attorneys' fees, exceeding the Sec. 2412(d)(2)(A) cap, when it found bad faith under Sec. 2412(b). See, e.g.,Sullivan v. Sullivan, 958 F.2d 574, 577 & n. 8 (4th Cir.1992).
 
 
 32
 The judgment of the district court is accordingly
 
 
 33
 AFFIRMED.
 
 
 
 [1]
 We did not affirm the district court's injunction because it was outside of the remand order of the Supreme Court. Hyatt II, 807 F.2d at 381
 
 
 [2]
 For Legal Services of Southern Piedmont, Inc., from July 26, 1985 through November 29, 1987. For Robinson, Bradshaw and Hinson, from May 25, 1985 through November 10, 1987
 
 
 [3]
 For Legal Services of Southern Piedmont, Inc., from December 1, 1987 through June 17, 1988. For Robinson, Bradshaw and Hinson, from November 11, 1987 through June 17, 1988
 
 
 [4]
 Section 2412(d)(1)(A) reads:
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 28 U.S.C. Sec. 2412(d)(1)(A) (Supp.1992).
 
 
 [5]
 Section 2412(b) reads:
 Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.
 8 U.S.C. Sec. 2412(b) (Supp.1992).
 
 
 [6]
 The district court described the Secretary's non-acquiescence underlying its bad faith decision in its order of March 31, 1989. Hyatt v. Heckler, 711 F.Supp. at 841-43
 
 
 [7]
 His later ruling, SSR 88-13, and the issuance of his Program Operation Manual System (POMS) Secs. DI 24501.025, DI 24510.30, and DI 24515.060, we held to be mere reiterations of the Secretary's earlier rulings (such as the discredited SSR 82-58) that continued his noncompliance with the standard of pain in this circuit. Hyatt III, 899 F.2d at 335. See also Thompson v. Sullivan, 980 F.2d 280, 282 (4th Cir.1992)
 
 
 [8]
 We use this term loosely to include procedural and class action aspects of the case