Marcia J. HARDIN, Plaintiff,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant.

No. 96–1382–WEB.

United States District Court,
D. Kansas.

Feb. 4, 1999.

David H.M. Gray, Gragert, Hiebert &
Gray, Wichita, KS, for plaintiff.

Stephen K. Lester, Office of U.S. Atty.,
Wichita, KS, for defendant.

## ORDER ON APPLICATION FOR ATTORNEY FEES

WESLEY E. BROWN, Senior District
Judge.

In an order filed on October 2, 1998, the court adopted the report of Magistrate Judge Humphreys, thereby reversing and remanding for further review the agency's decision denying disability benefits to plaintiff Marcia J. Hardin. (Dkt.# 22).

Now before the court is plaintiff's application for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. In seeking fees and costs, plaintiff contends that the Commissioner's decision in her case "was not substantially justified," and that "the government's determination and litigation" in resisting her claim "were done in bad faith."

In this respect, plaintiff requests a fee based upon defendant's alleged bad faith in the amount of $150.00 per hour for a total fee of $5,467.50 under the provisions of 28 U.S.C. § 2412(b).[1] In the alternative, plaintiff requests a fee in the amount of $4,731.57 for 36.45 hours billed at $129.81 per hour under the provisions of 28 U.S.C. § 2412(d)(1)(A).[2]

---

1. § 2412(b)(1) provides in pertinent part that:

(b) Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a) to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court.... The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

2. Section 2412(d)(1)(A) provides in pertinent part that:

Except as otherwise specifically provided by statute, a court shall award to a prevail-

The defendant does not contest plaintiff's request for attorney fees under the provisions of 28 U.S.C. § 2412(d) in the amount of $4,731.57, which represents 36.45 hours billed at $129.81 per hour, nor does defendant contest the request for reimbursement of expenses in the sum of $120.00. The defendant does contest the request for fees of $5,467.50 for hours billed at $150.00 under the "bad faith" enhancement found in 28 U.S.C. § 2412(b).

In *Hyatt v. Shalala,* 6 F.3d 250, at pp. 253–254, (4th Cir.1993), which involved a class action suit brought by social security disability claimants, the court discussed the two different methods for an award of attorneys' fees under the Equal Access to Justice Act:

> There are two distinct methods for a district court to award attorneys' fees (under the Act) .... 28 U.S.C. § 2412(d)(1)(A) requires the court to grant attorneys' fees to a prevailing party against the government, unless there are special circumstances that make the award unjust, or the court finds the United States was substantially justified in its legal position. See also *Thompson v. Sullivan,* 980 F.2d 280 (4th Cir.1992) (finding the Secretary not substantially justified in continuing to litigate a position contrary to the Fourth Circuit's standard of pain). § 2412(b), on the other hand, allows the district court to award fees "to the same extent that any other party would be liable under the common law." The common law allows awards of attorneys' fees in only a few exceptional cases, such as when the losing party has wilfully disobeyed a court order or has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Alyeska Pipeline Service Co., v. Wilderness Society,* 421 U.S. 240, 257–60, 44 L.Ed.2d 141 (1975). (Footnotes omitted).

> ing party other than the United States fees and other expenses, in addition to any costs awarded ... *unless the court finds that the position of the United States was substan-*

In *Hyatt* the court affirmed the district court's award of fees based upon the "bad faith" of defendant in continuing to pursue a course of non-acquiescence in controlling circuit precedent. In particular the district court found that the United States "acted in bad faith, vexatiously and wantonly" in the action, characterizing the Secretary's position as "outrageous, at best, both before the case was filed and during the course of this suit." 6 F.3d at 255.

Plaintiff bases her claim that defendant acted in bad faith upon two grounds—first, that the Commissioner failed to follow the "treating physician rule" in many cases; and second, because defendant mischaracterized evidence in contravention of the court's ruling on such matters. In replying to these assertions, defendant explicitly denies that it has followed, or continues to follow a pattern of misstating evidence or that it has, or continues to disregard the "treating physician rule." (Dkt.# 35)

While defendant concedes that there was an absence of "substantial justification" for denial of benefits to plaintiff in this case, the court does not believe that this conclusion alone should equate a finding of bad faith in determining an appropriate assessment of attorney fees.

Upon the basis of the record in this case, the court determines that there is an absence of evidence that defendant disobeyed a court order, or "acted in bad faith vexatiously, wantonly, or for oppressive reasons". *Hyatt v. Shalala, supra,* 6 F.3d at 254, *Alyeska Pipeline Service Co. v. Wilderness Society, supra,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. Likewise, there is no evidence that defendant acted in any "outrageous manner" which would provide a basis for an award of attorney fees under the provisions of 28 U.S.C. § 2412(b). Accordingly,

> *tially justified or that special circumstances make an award unjust.* (Emphasis supplied)

IT IS ORDERED that plaintiff's application for attorney fees in the sum of $5,467.50 be, and it is hereby DENIED; and

IT IS FURTHER ORDERED that plaintiff's application for attorney fees in the sum of $4,731.57, and for reimbursement of expenses in the sum of $120.00 be, and it is hereby SUSTAINED.