**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1322**

LARRY DAN PRINCE,

        Petitioner,

     v.

HILDA L. SOLIS, Secretary, United States Department of
Labor; UNITED STATES DEPARTMENT OF LABOR,

        Respondents,

WESTINGHOUSE SAVANNAH RIVER COMPANY, LLC,

        Intervenor.

On Petition for Review of an Order of the United States
Department of Labor Administrative Review Board.  (10-079)

Submitted:  May 7, 2012          Decided:  June 15, 2012

Before AGEE, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John P. Batson, Augusta, Georgia, for Petitioner.  M. Patricia
Smith, Solicitor of Labor, Jennifer S. Brand, Associate
Solicitor, Jonathan T. Rees, Seema N. Patel, UNITED STATES
DEPARTMENT OF LABOR, Washington, D.C., for Respondents.  Charles
F. Thompson, Jr., Columbia, South Carolina, for Intervenor.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to 29 C.F.R. § 24.110(a), a petition for review of an administrative law judge's ("ALJ") decision must be filed— that is hand-delivered, postmarked, e-mailed, or facsimiled— within ten business days of the date of the decision. Petitioner Larry Dan Prince contends the Department of Labor's Administrative Review Board ("ARB") wrongly dismissed his petition for review, which he filed eleven business days after an ALJ's dismissal of his complaint. Finding no error, we affirm the order of the ARB.

I.

As part of a staff reduction, Intervenor Westinghouse Savannah River Company, LLC ("WSRC") discharged Prince, then a quality engineer at a nuclear research facility, in 2005. Thereafter, Prince filed a complaint with the Occupational Safety and Health Administration, alleging retaliation in violation of the whistleblower provisions of the Energy Reorganization Act, 42 U.S.C. § 5851, the Clean Air Act, 42 U.S.C. § 7622, the Solid Waste Disposal Act, 42 U.S.C. § 6971, and the Toxic Substances Control Act, 15 U.S.C. § 2622. Following an ALJ's March 3, 2010[1] dismissal of his complaint,

---

[1] All events occurred in 2010 unless otherwise indicated.

Prince had ten business days in which to file a petition for review with the ARB.[2] See 29 C.F.R. § 24.110(a). Prince's petition was thus due on or before March 17. Prince's counsel received the decision via post on March 8, seven business days before a petition for review was due. Counsel then notified Prince of the decision via e-mail. Although he received actual notice of the decision from his counsel on March 8, Prince initially did not receive a copy of the order from the ALJ due to a clerical error. The ALJ did, however, subsequently send Prince a copy of the decision, which he received on March 15, two business days before the ten-business-day deadline expired. J.A. 157.[3]

On March 18, one day after the ten-business-day deadline had expired, Prince's counsel filed a petition for review. The ARB received the petition, and, after WSRC objected, ordered Prince to show cause why it should not dismiss the petition as untimely. Prince filed a response on April 19 and an amended response on April 23, arguing, among other things, that equitable tolling should excuse the tardy filing, given his

---

[2] The Secretary of Labor has authorized the ARB to review recommended decisions of ALJs in cases like Prince's. See 29 C.F.R. § 24.110(a).

[3] Citations to "J.A. --" refer to the Joint Appendix filed by the parties in this appeal.

3

"good faith belief about the need for the length of the Petition," and "how long it took to do the 43 page Petition." J.A. 97. On November 17, the ARB issued a final decision and order dismissing Prince's appeal as untimely under 29 C.F.R. 24.110(a), finding that Prince failed to demonstrate that equitable tolling of the filing period was appropriate. On November 29, Prince filed a motion for reconsideration, which the ARB denied on February 2, 2011. Prince filed the instant petition for review on April 1, 2011, within the sixty-day filing period set forth in 42 U.S.C. § 5851(c)(1).

## II.

Our review is governed by the Administrative Procedure Act, 5 U.S.C. § 706, under which the ARB's decision will stand unless it is unsupported by substantial evidence or is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Yellow Freight Sys., Inc. v. Reich, 8 F.3d 980, 984 (4th Cir. 1993) (internal quotation marks and citation omitted). We review an agency's decision to deny equitable tolling for abuse of discretion. Rouse v. Lee, 339 F.3d 238, 247, n.6 (4th Cir. 2003) (en banc); see also Chao v. Va. Dep't of Transp., 291 F.3d 276, 279-80 (4th Cir. 2002).

The thrust of Prince's argument is that the ARB mistakenly treated the ten-business-day period as a "limitations period,"

4

rather than a "claim-processing period," and therefore felt it could not consider his arguments for equitable tolling.[4] The record, however, indicates otherwise. As the ARB made clear in its decision, "the regulation establishing a ten-business-day limitations period for filing a petition for review with the Board is not jurisdictional and is therefore subject to equitable modification." J.A. 158.

The record reflects that Prince and his counsel had actual notice of the ALJ's decision prior to the filing deadline; nonetheless, neither Prince nor his counsel provides a reason that prevented the filing of a timely petition. In sum, the ARB considered Prince's arguments for equitable tolling and concluded that Prince's arguments were "unconvincing." J.A. 159. Having reviewed the record, we have no occasion to disagree, and hold that the ARB did not abuse its discretion in dismissing Prince's petition.

---

[4] To the extent that Prince's briefs make additional arguments, we find those without merit and therefore do not discuss them further herein.

III.

For the foregoing reasons, we affirm the order of the ARB. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED