**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1435

GREGORY HANNA,

       Petitioner,

v.

UNITED STATES DEPARTMENT OF LABOR, ADMINISTRATIVE REVIEW
BOARD; GLOBAL NUCLEAR FUEL AMERICAS LLC,

       Respondents.

On Petition for Review of an Order of the United States Department of Labor,
Administrative Review Board.  (2023-0015)

Submitted:  August 19, 2025                    Decided:  October 1, 2025

Before DIAZ, Chief Judge, and WYNN and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Anita Mazumdar Chambers, Tae Hoon Yang, EMPLOYMENT LAW
GROUP, PC, Washington, D.C., for Petitioner.  Seema Nanda, Solicitor of Labor, Jennifer
Brand, Associate Solicitor, Sarah K. Marcus, Deputy Associate Solicitor, Megan Guenther,
Counsel for Whistleblower Programs, Priom Ahmed, Office of the Solicitor, UNITED
STATES DEPARTMENT OF LABOR, Washington, D.C., for Respondent United States
Department of Labor Administrative Review Board.  C. Matthew Keen, Michael D.
McKnight, Savannah S. Trimmer, OGLETREE DEAKINS, Raleigh, North Carolina, for

Respondent Global Nuclear Fuel-Americas, LLC.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The Energy Reorganization Act of 1974 provides employees with a cause of action when discharged in retaliation for reporting nuclear safety concerns. 42 U.S.C. § 5851. Yet Congress conditioned that right on timeliness: a retaliation complaint must be filed with the Occupational Safety and Health Administration ("OSHA") within 180 days of the alleged violation. *See id.* § 5851(b)(1); 29 C.F.R. § 24.103(c). However, "[t]he time for filing [such] a complaint may be tolled for reasons warranted by applicable case law." 29 C.F.R. § 24.103(d)(2).

Here, after Gregory Hanna's former employer, Global Nuclear Fuel-Americas, LLC ("GNF"), terminated him in 2017, he filed a complaint with OSHA alleging that GNF terminated him in retaliation for raising significant safety concerns. But Hanna did not file his complaint until after the statutory 180-day deadline had passed.

Rejecting Hanna's tolling arguments, OSHA, an Administrative Law Judge, and the Administrative Review Board ("Board") each dismissed the complaint as untimely. "We review the [Board]'s decision pursuant to the Administrative Procedure Act. Under that framework, we may only disturb the [Board]'s decision if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Peck v. U.S. Dep't of Lab., Admin. Rev. Bd.*, 996 F.3d 224, 228 (4th Cir. 2021) (cleaned up). As relevant here, "[w]e review an agency's decision to deny equitable tolling for abuse of discretion." *Prince v. Solis*, 487 F. App'x 773, 774 (4th Cir. 2012) (per curiam); *see Am. Bankers Ins. Grp., Inc. v. Long*, 453 F.3d 623, 629 (4th Cir. 2006).

3

Before this Court, Hanna contends that he can invoke equitable estoppel because GNF lulled him into thinking his termination would be reversed. But Hanna does not dispute the Board's conclusion that GNF "did not *actively or intentionally* lull [him] into forgoing his right[]" to file a timely OSHA complaint, which the Board concluded was "supported by substantial evidence and unchallenged on appeal." J.A. 976–77 (emphasis added).* Instead, he relies on Board case law permitting tolling where "the [employer]'s conduct, *innocent or not*, reasonably induced the plaintiff not to file suit within the limitations period." *In re Hyman v. KD Res.*, ARB No. 09-076, ALJ No. 2009-SOX-020, 2010 WL 1260209, at *4 (A.R.B. Mar. 31, 2010) (emphasis added). However, our own case law forecloses Hanna's argument.

"The separation of powers doctrine requires administrative agencies to follow the law of the circuit whose courts have jurisdiction over the cause of action. In the absence of a controlling decision by the Supreme Court, the respective courts of appeals express the law of the circuit." *Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986). And, in the precise context of an Energy Reorganization Act retaliation complaint, we have held that an employee may not invoke equitable estoppel "[a]bsent evidence that the employer acted to deceive the employee as to the existence of its claim or otherwise to mislead or coerce the employee into not filing a claim in a timely fashion." *English v. Whitfield*, 858 F.2d 957, 963 (4th Cir. 1988). We further clarified that "an employee's hope for a continuing employment relationship" and "even an employer's confirmation of that hope" is not

---

* "J.A." refers to the Joint Appendix filed by the parties in this matter.

4

enough to invoke equitable estoppel "absent some indication that the promise was a quid-pro-quo for the employee's forbearance in filing a claim." *Id.* (cleaned up).

Thus, Hanna's argument for estoppel—that GNF lulled him into a false sense of security by "le[ading] [him] to believe that it was quite possible he could continue to work at GNF if he followed proper procedure" and pursued internal appeals of his termination, Opening Br. at 18—is foreclosed by *English*.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*PETITION DENIED*